WILLIAM T. DAZEY, plaintiff in error, *v.* ALEXANDER MILLS, for the use of Nathan Pinkham, defendant in error.

10   67
92a ¹559

*Error to Adams.*

Courts will recognize the rights of a beneficial party and protect him against the acts of a party possessing the naked legal interest.

An assignee is allowed to sue in the name of the person having the legal interest, and to control the proceedings without the interference of the latter further than to require indemnity against the payment of costs.

The declarations of a nominal plaintiff, made after he has parted with his interest in the cause of action, are not admissible in evidence to defeat the action.

THIS was a suit originally commenced before a justice of the peace in Adams county by the defendant in error against the plaintiff in error. Judgment was rendered for the plaintiff below, who appealed to the Circuit Court, and at the May term, 1848, the Hon. Norman H. Purple presiding, a jury was dispensed with, and the cause tried by the Court who rendered a judgment for plaintiff for $51·46, and costs.

The facts of the case are sufficiently stated by the Court in the Opinion.

*A Williams & C. B. Lawrence,* for the plaintiff in error.

1. The Court erred in giving judgment for the plaintiff for $57·16.

2. The Court erred in excluding the evidence. The admission of the plaintiff on the record is always admissible and competent evidence against him, without regard to his interest. This is a positive and inflexible rule of law. Its wisdom is justified by the consideration that he could not be used as a witness in the case, and if it should appear that the admission was not made in good faith, but by collusion with the defendant to defeat the recovery by the person to whom he had passed his interest, this would destroy the effect of the admission, but would not affect its competency. Whether made in good faith or collusively is a question for the jury and not for the Court, but in this case there is no pretence of collusion. *Bauerman v. Radenius,* 7 Durn. &

East, 663, and note (b); 3 Harr. & Johns. 342; 3 Conn. 76; 4 do. 544.

3. In this case, the only evidence that Pinkham had any interest is furnished by the deposition itself, and it shows that Mills still had an interest in the note. It was not sold absolutely to Pinkham, but pledged as a security for a debt which Mills owed him. If Pinkham failed to get the money of Dazey, he would resort to Mills for payment. So that upon the ground of interest, as well as his being a party to the record, his admission was competent evidence. The rule is, that the admissions of a party against his interest are evidence against him.

4. If, as the record shows, the deposition was admitted as competent evidence, then the judgment is for forty dollars more than it should have been, that sum having been paid sa shown by the deposition.

5. The paper purporting to be a bill of exceptions on the part of the plaintiff is no part of the record, and is improperly copied by the clerk. It contradicts the record. If the plaintiff wished a writ of error he could file a bill of exceptions for that purpose; but it certainly cannot be regarded as any part of the record on error brought by the defendant, particularly for the purpose of contradicting the record. The record shows that the deposition was admitted as competent evidence. The plaintiff could, in a writ of error prosecuted by himself, assign this as error, but he cannot do it in a case brought and prosecuted by the defendant. This bill of exceptions shows that the deposition was excluded. This is not ground of exception on his part, because it is in his favor. It 'also shows that the affidavit of Pinkham was not considered. This might be regarded as part of the record on error by the plaintiff, because it was against him and does not contradict the record.

*C. A. Warren & O. C. Skinner*, for the defendant in error.

1. It is the duty of Courts to protect the holder of a chose in action, and to regard him as the real party. Session Laws, 1838-9; p. 271.

2. A suit brought by one for the use of another is regard-

ed by the Courts as coming within the rule. *Anderson* v. *Van Allen*, 12 Johns. 342 ; *Ransom* v. *Jones*, 1 Scam. 293 ; *Leigh* v. *Leigh*, 1 Bos. & Pull. 447 ; *Mandeville* v. *Union Bank, &c.* 1 Wheat. 232 ; *Gould* v. *Newman*, 6 Mass. 239 ; *Skinner* v. *Somes*, 14 do. 107 ; *Tuttle* v. *Beebee*, 8 Johns. 155 ; *Van Vechten* v. *Graves*, 4 do. 406 ; *Franklin* v. *Raymond*, 3 Wend. 71 ; *Jones* v. *Witter*, 13 Mass. 304.

3. The admissions of a nominal party to the record, being a trustee only, canont affect the rights of his *cestui que trust. Williams* v. *Judy*, 3 Gilm. 282 ; *Root* v. *Taylor*, 20 Johns. 136 ; *Frear* v. *Evertson*, ib. 142 ; *Sprague* v. *Kneeland*, 12 Wend. 161 ; *Kimball* v. *Huntington*, 10 do. 675 ; *Payne* v. *Rogers*, Doug. 407 ; Cowen & Hill's Notes to Phil. Ev. 663-8 ; *Raymond* v. *Squires*, 11 Johns. 47 ; *Wheeler* v. *Wheeler*, 9 Cowen, 34 ; *Andrews* v. *Beecker*, 1 Johns. Cases, 411.

The Opinion of the Court was delivered by

TREAT, C. J. On the 9th of June, 1846, Dazey made a promissory note to Alexander Mills for $46, payable one day after date. A suit was brought on the note before a justice of the peace, on the 2d of October, 1846, in the name of Mills for the use of Nathan Pinkham. It resulted in a judgment for the plaintiff, and Dazey appealed to the Circuit Court, where the decision of the justice was affirmed. Dazey took the deposition of a witnesss, who testified to a conversation had with Mills on the 13th of October, 1846, in which the latter stated that previous to the commencement of the suit, he transferred the note to Pinkham as security for the payment of a debt; and that prior to the transfer Dazey paid him $26, which ought to be credited on the note. The Circuit Court, being of the opinion that the evidence was inadmissible, excluded the deposition, and the propriety of that decision is the only point in the case.

This presents the naked question whether the declarations of the nominal plaintiff made after he has parted with his interest in the subject matter of the suit, can be introduced in evidence by the defendant to defeat the cause of action.

There is a conflict of authority on the question, and we therefore feel bound to adopt the rule which will best subserve the ends of justice. It was decided in the case of *Bauerman* v. *Radenius,* 7 Term Rep. 663, that the defendant could give in evidence the admissions of the plaintiff on the record to defeat the action, although such plaintiff was only the trustee for a third person. The same doctrine is asserted in 2 Starkie's Ev. 22, and in the cases of *Thomas* v. *Denning,* 3 Harr. & Johns. 242, and *Dillon* v. *Chouteau,* 7 Missouri, 386.

On the other hand, it is held in the cases of *Frear* v. *Evertson,* 20 Johns. 142, *Hackett* v. *Martin,* 8 Greenl. 77, and *Chisholm* v. *Newton,* 1 Ala. 371, that the declarations of the nominal plaintiff, made after he has parted with his interest in the cause of action, are not admissible in evidence to defeat the claim of the real party in interest. The assignee of a chose in action will be protected in a Court of Law against the acts and declarations of the assignor subsequent to the assignment. *Kimball* v. *Huntington,* 10 Wend. 677. Where a chose in action is assigned by the owner, he cannot interfere to defeat the rights of the assignee in the prosecution of a suit brought to enforce those rights, and it makes no difference whether the assignment be good at Law or in Equity only. *Mandeville* v. *Welch,* 5 Wheat. 277. A payment made to the nominal plaintiff after the defendant has notice of the assignment constitutes no defence. *Littlefield* v. *Storey,* 3 Johns. 426. So of a set-off obtained after notice of the assignment. *Anderson* v. *Van Allen,* 12 Johns. 343. So of a release procured from the nominal plaintiff after notice of the assignment. *Andrews* v. *Beecker,* 1 Johnson's Cases, 411; *Raymond* v. *Squires,* 11 Johns. 47. And it is immaterial whether the assignment be of the whole subject matter, or as collateral security. *Wheeler* v. *Wheeler,* 9 Cowen, 34.

It seems to be the tendency of modern decisions to recognise the rights of the beneficial party, and to protect him against the acts of the party possessing the naked legal interest, whenever it can be done without injuriously affect-

Dazey *v.* Mills.

ing the rights of the debtor; and subject to this qualification, we are inclined to adopt the rule in its fullest extent. The assignee is allowed to sue in the name of the person having the legal interest, and to control the proceedings. The latter cannot interfere further with the prosecution than to require indemnity against the payment of costs. The principle being conceded that Courts of Law will take notice of and protect the rights of the real party in interest, there should be no hesitation in applying it to every case in which the interests of the debtor are not to be prejudiced. The party who has ceased to have any substantial interest in the subject matter of the action, and whose name is used as a matter of necessity to satisfy a technical rule of the law, ought not to be permitted by his acts or declarations to defeat or disparage the title of his innocent assignee; and this for the same reason that the acts and declarations of the vendor, made subsequent to the sale, are not admissible in evidence to affect the title of the purchaser. The principal ground for receiving the declarations of the party is, that being made respecting matters in which his interest is involved they are supposed to be true, and are therefore admitted in evidence against him. The reason wholly ceases where he has no interest to be affected.

The rule excluding the admissions of the nominal plaintiff, made after he has parted with his interest in the cause of action, does not operate to the injury of the defendant. It allows him to interpose any defence which existed when he received notice of the assignment. If the testimony of the assignor is necessary to enable him to establish his defence, he can obtain it through the medium of a bill of discovery.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*