## LEWIS LADUE v. JOHN BRANCH.

### *Impounding Cattle.  Replevin.*

The plaintiff's cow having broken into the defendant's pasture through a defective fence that the plaintiff was bound to repair, the defendant had a right to impound her, and by proper proceedings could have perfected a lien upon her for the damage done on that occasion; but he had no right to drive the cow to his own premises, and keep her there until the damage done by her on that and previous occasions should be paid, and replevin may be brought and maintained for such taking and detention.

REPLEVIN for a cow.  Plea, the general issue, and trial by jury, WILSON, J., presiding.

It appeared in this case that on one Sunday, in July, 1868, the plaintiff's cow was found by the defendant's son in the pasture of the defendant, and that the son of the defendant, by direction of the defendant, took said cow from said pasture, and drove her to the defendant's premises in St. Albans, about three miles from said pasture, where said cow was kept by the defendant until the Thursday following, when she was replevied in this suit.  The cow broke and entered the defendant's pasture through that part of the fence which belonged to the plaintiff to keep in repair, and it appeared that she had at other times before that day broke into the pasture.  There was some conflict in the testimony as to whether the plaintiff had any notice from any one as to where his cow was until Wednesday.  One Tatro, a neighbor of the plaintiff, testified that by direction of the defendant's son, he informed the plaintiff on Sunday evening that he need not look for his cow, for young Branch had driven her off.  This the plaintiff denied, and there was no evidence tending to show that the plaintiff on that day had any notice why his cow was driven off, or where she could be found.  Two or three days after said cow was taken, the plaintiff called at the defendant's house and inquired for his cow, and the defendant told him he had taken and was keeping possession of her because she got into defendant's pasture, but the defendant did not then offer to let the plaintiff take the cow, and the plaintiff did not request to have her given up.  On

Ladue. *v.* Branch.

Wednesday the defendant for the first time told the plaintiff where he was keeping said cow. The plaintiff called on the defendant on that day, and told him that he thought that the damage to the defendant by reason of the cow having broken into his meadow and pasture several times was about five dollars. The defendant told the plaintiff if he thought the damages were five dollars, he would take that sum and let him have his cow. The plaintiff did not offer to pay the five dollars, and did not demand the cow, and the defendant did not name any sum which must be paid before said cow would be given up.

The defendant conceded that one or more pounds for impounding beasts were kept and maintained by the town of St. Albans at the time of the taking in question, and that he did not take said cow to impound her, and did not impound her, but claimed that he had a right to take the cow, and hold and keep possession of her until the plaintiff came and demanded the cow, because she was found in his pasture. It was not claimed by either party that there was any question for the jury to try, and the court decided that the plaintiff was entitled to recover, and directed a verdict accordingly. Exceptions by the defendant.

—— ——, for the defendant.

*Dewey, Noble & Smith,* for the plaintiff.

The opinion of the court was delivered by

WHEELER, J. When the defendant found the plaintiff's cow in his pasture doing damage there, he had a right to remove her from the pasture, doing no unnecessary damage to the plaintiff in that behalf; and the cow having come into the pasture through a defective fence that the plaintiff was bound to keep in repair, he had a right to impound the cow, and by proper proceedings could have perfected a lien upon her for the damage done by her on that occasion. He exercised his right to remove the cow, but did not stop there, nor did he undertake to impound her, but he caused her to be taken to his own premises, and claimed to keep her there until the damages done by her on that and previous oc-

casions should be paid. This he had no right to do. The driving of the cow to his premises, and the detention of her there, was an unlawful taking and detention of her for which the action of replevin was well brought, and, upon the undisputed facts shown upon trial, was well maintained.

The judgment of the county court is affirmed.