DAVID UPTON & WIFE *v.* NORMAN W. MOORE AND JAMES A. GATES.

[IN CHANCERY.]

*Chancery.    Chose in Action.    Equitable Assignment.*

After an equitable assignment of a chose in action, not assignable at law, and notice of the assignment given to the person liable to the action, courts of law may and generally should protect the assignee against payments to the assignor in violation of the equitable rights of the assignee. It is at least equally and perhaps more the duty of a court of equity than of a court of law to protect an assignee of such choses against such payments.

PETITION for the foreclosure of a mortgage. The petition set up the execution of the mortgage sought to be foreclosed, and the note secured thereby by the defendants to Charles H. Cockings, and Lucy M. Cockings, his wife ; that afterwards the mortgagees assigned said note and mortgage to one William Shepherd, as collateral security for three hundred dollars ; that afterwards said mortgagees assigned said mortgage and note to Anna McCarthy, now Mrs. Upton, one of the petitioners, and wife of the other petitioner, as security for three promissory notes amounting

to $1000, and that the mortgagors had notice of said assignment. The defendant Moore made answer to said petition, admiting the execution of the mortgage and the assignment to Shepherd, but denying the assignment to said Anna, as set forth, or that he was ever duly notified of any assignment to said Anna McCarthy. That he afterwards paid to said Shepherd the amount of his claim upon said mortgage and note, and in good faith and without notice paid the balance due of said mortgage to said Charles H. Cockings and Lucy M. Cockings.

Testimony having been taken on both sides at the May term, 1871, the cause was brought to a hearing before BARRETT, Chancellor.

The chancellor found as a matter of fact that said Moore knew and had received notice of the assignment of the note and mortgage by Mr. and Mrs. Cockings to the oratrix, Anna Upton, (then Anna McCarthy,) before he paid the balance due on the same to Mrs. Cockings, and ordered a decree to pass for the foreclosure of the mortgage for the sum due on said note, after deducting endorsements, of which there was no dispute, and the sum paid by Moore to William Shepherd. From which the defendants appealed.

*James N. Edminster* and *John L. Marcy*, for the defendant.

*W. C. French* and *W. E. Johnson*, for orators.

The opinion of the court was delivered by

WHEELER, J. That Cockings and wife did assign the note of the defendant Moore, and the mortgage to secure it, to the oratrix, subject to the right of Shepard, is not in any manner questioned. Moore was a brother of Mrs. Cockings, and from this relation and his connection with the subject of the transaction, it would be quite natural that he should know of the assignment. The testimony of McCarthy, a brother of the oratrix, and of Sheldon, the attorney, who did some of the business, is direct to the effect that he did know of it, and must be wilfully false if he did not. This testimony is sufficient to overcome his denial of all knowl-

edge of it, and from the whole testimony and circumstances, it satisfactorily appears that he did know of it and assented to it. Although this did not transfer the note to the oratrix so that she could maintain an action at law in her own behalf upon it, still it conveyed to her an equitable right to and interest in the note, and to and in the mortgage to secure the payment of the note to the full extent of both, after satisfying Shepard's claim. After an equitable assignment of a chose in action not assignable at law, and notice of the assignment given to the person liable to the action, courts of law may and generally should protect the assignee against payments to the assignor in violation of the equitable rights of the assignee. It is at least equally and perhaps more the duty of a court of equity than of a court of law to protect an assignee of such choses against such payments. In this suit in equity to enforce payment of the note by foreclosure of the mortgage, it was clearly the duty of the court of chancery to protect the oratrix against all payments made by the defendant Moore upon the note since the assignment and notice of it to him, except the payment to Shepard. Except as to that payment the oratrix was entitled to have the whole of the balance due upon the note at the time of the assignment and notice paid to her until she should be fully paid the amount due her from Mrs. Cockings. She is therefore entitled to a decree of foreclosure for the amount due on the note, deducting payments made before assignment and notice, the payment of Shepard's claim, and the amount paid to the oratrix.

Decree affirmed, and cause remanded.