AUGUSTINE D. AVERY, executor, *vs.* WILLIAM W. RUSSELL.

Essex.   November 7, 1878.   ENDICOTT & LORD, JJ., absent.

In an action on a judgment recovered by the plaintiff against the defendant, the latter filed a declaration in set-off, alleging that the judgment was assigned by the plaintiff to M., and that he was indebted to the defendant. It appeared in evidence that the plaintiff agreed to sell to M. the judgment declared on, and executed an assignment of it and sent it by express, directing its delivery to M. upon his paying a sum stated; that M. suggested to H. to purchase the judgment, and H. paid the required sum to the expressman, and M. at the same time executed an assignment of the execution to H., who thereupon directed this action to be brought on his behalf in the name of the plaintiff and by his authority; that H.'s purchase of the judgment was in his own interest solely, and M. had never had any right or property in the same, otherwise than as above stated; and that, after the arrangement between M. and H., but before it was consummated, M. was notified by the defendant of the claim declared on in set-off. *Held*, that the demand against M. could not be set off in this action.

CONTRACT on a judgment recovered by the plaintiff against the defendant. Writ dated January 24, 1877. The defendant filed a declaration in set-off, alleging that the judgment was assigned by the plaintiff to Martin L. Marsh, and that Marsh had previously executed a bond to the defendant, and had committed a breach thereof; and set forth the bond and the breach.

At the trial in the Superior Court, without a jury, the plaintiff proved the recovery of the judgment, and that it remained unsatisfied when this action was brought; and the following facts appeared : In December, 1875, Marsh proposed to the plaintiff to purchase the judgment. The plaintiff agreed to sell the same to him for the sum of $60, executed an assignment of it upon the execution issued on the judgment, and forwarded the execution by express to Haverhill, directing its delivery to Marsh, upon his paying to the expressman the sum of $60. Marsh, not being able or disposed to pay the sum required, suggested to William Hale to purchase the judgment, and Hale paid $60 to the expressman, and Marsh at the same time executed an assignment of the execution to Hale, who thereupon directed this action to be brought on his behalf in the name of the plaintiff and by his authority. Hale's purchase of the judgment was in his own interest solely, and Marsh has never had any right or property in the same, otherwise than such as has hereinbefore

been stated. After this arrangement between Marsh and Hale, but before it was consummated, Marsh was notified by the defendant's attorney of the claim declared on in set-off. The defendant had notice also that the judgment was within the control of Marsh.

The defendant introduced evidence of the execution of the bond declared on in set-off, and of the breach thereof, (which it is unnecessary to state,) and requested a ruling that, upon the assignment of the judgment by the plaintiff to Marsh, the right accrued to the defendant to set off the penalty of the bond against the amount of the judgment, and that the effect of that assignment could not be controlled by proof of a subsequent assignment from Marsh to Hale. But *Brigham*, C. J., refused so to rule, and ordered judgment for the plaintiff; and the defendant alleged exceptions.

*J. P. Jones*, for the defendant.

*S. B. Ives, Jr. & J. K. Jenness*, for the plaintiff, were not called upon.

By THE COURT. Upon the facts stated in the bill of exceptions, it is quite clear that this action is not brought by Marsh, nor for his use or benefit, but is brought in the name of Avery for the use and benefit of Hale; and consequently no demand against Marsh can be set off in this action. Gen. Sts. *c*. 130, §§ 1, 11. *Sheldon* v. *Kendall*, 7 Cush. 217. It is therefore unnecessary to consider other objections to the set-off.

*Exceptions overruled.*