LAFAYETTE C. POWERS *vs.* NEW ENGLAND FIRE INSURANCE COMPANY.

May Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

*Argumentative Averment Good on General Demurrer—Action on Insurance Policy for Benefit of Mortgagee.*

The declaration set forth a contract of insurance which made the loss payable sixty days after proof, and alleged loss and proof. *Held*, sufficient, on general demurrer, as an argumentative averment of a promise.

An action to enforce a contract must be brought in the name of the one from whom the consideration moves and to whom the promise is made.

An action upon a policy of fire insurance payable to a mortgagee as his interest may appear, is properly brought in the name of the mortgagor for the benefit of the mortgagee to the extent of his interest, and the latter may control the judgment until his claim is satisfied.

ASSUMPSIT upon a policy of fire insurance. Heard upon a general demurrer to the declaration at the September Term, 1896, Windham County, *Start*, J., presiding. Demurrer overruled, declaration adjudged sufficient and, the defendant waiving his right to plead over, judgment for the plaintiff for the amount of loss and interest. The defendant excepted.

The declaration, after setting forth the policy, alleged, among other things, the loss and proof thereof to the company.

*Butler & Moloney* for the defendant.

The declaration is insufficient because there is no allegation of a promise.

The declaration is insufficient because the mortgagee is not a plaintiff. He should have sued alone or have been joined with the mortgagor. *Hanover Insurance Co.* v. *Brown*, 77 Md. 64: 39 Am. St. 389; *Trader's Insurance Co.* v. *Pacuad*,

150 Ill. 245: 41 Am. St. 355; *King* v. *Insurance Co.*, 7 Cush. 1: 54 Am. Dec. 683 and note; *Motley* v. *Insurance Co.*, 29 Me. 337: 50 Am. Dec. 591; *Hartford Insurance Co.* v. *Olcott*, 97 Ill. 439; *Coates* v. *Insurance Co.*, 58 Md. 172: 42 Am. Rep. 327; *Cone* v. *Insurance Co.*, 60 N. Y. 619; *Graves* v. *Insurance Co.*, 10 Allen 283; Jones, Mort. 408.

*Clarke C. Fitts* and *Waterman, Martin & Hitt* for the plaintiff.

The action is properly brought in the name of the plaintiff, for the benefit of the mortgagee to the extent of his interest. I Chitty, Pl. 12, 205; Dicey, Parties, 94; Gould, Pl. 196; *Teed.* v. *Elworthy*, 14 East. 210; *Fairchild* v. *N. East. Mut. Life Association*, 51 Vt. 613; *Fugure* v. *Mut. Society of St. Joseph*, 46 Vt. 362; *Hall* v. *Huntoon*, 17 Vt. 244; *Warren* v. *Batchelder*, 15 N. H. 129; *Smith* v. *Mudgett*, 20 N. H. 527.

TAFT, J. It is claimed that the declaration discloses no promise of the defendant to pay the plaintiff. The policy declared upon is set forth in words and figures, and shows a contract of insurance, the loss, if any, "to be paid sixty days after proof shall have been made." This at least is an argumentative way of alleging that the defendant promised to pay the plaintiff, and is sufficient as against a general demurrer.

Can the plaintiff maintain this action? The contract was made with him, the consideration moved from him, the promise was made to him, and the decisions in this State are, that a suit to enforce the contract must be brought in the name of the one to whom the promise is made, and from whom the consideration moves. *Fugure* v. *Mut. Society St. Joseph*, 46 Vt. 362. In *Davenport* v. *N. East. M. Life Association*, 47 Vt. 528, it was held that the beneficiaries could maintain the action, the court construing the contract as containing a promise to pay to them. Many cases from other states have been cited, but they are not authority

here, and no reason is disclosed in any of them why we should overturn the well-settled practice and decisions of our own State.

A policy of insurance is sometimes made payable to the insured *and his assigns*, and sometimes to the mortgagee of the premises, naming him, and at other times, to anyone holding a mortgage upon the insured property at the time of the loss whoever he may be. The effect of the provision is to give a mortgagee a lien upon the insurance money in case of loss, securing him by substituting the proceeds of the policy in place of the property, provided it burns, thus letting the property go to the substantial owner, if the property is mortgaged, as is often the case, to its full value. But this interest of the mortgagee in the policy is an equitable, not a legal, one and will be protected in a law court. *Upton* v. *Moore*, 44 Vt. 552. If a policy is made payable to a mortgagee, the insurer is not at liberty to pay any sum due under the policy to the insured in disregard of the rights of the beneficiary. A policy of insurance is a mere chose in action; it is non-negotiable; it is not assignable at common law so that the assignee can sue in his own name; and though it may be payable to the insured *and his assigns*, still if a loss happens an equitable holder of the policy must sue in the name of the original insured. *Aldis*, J., in *Wood* v. *Insurance Co.*, 31 Vt. 552.

Under our system of pleadings,—and no better one has as yet been devised—the insurer cannot be subjected legally to any suit save one in the name of the party to the contract, and the beneficiary can always protect his rights by suit in the name of the insured.

This suit is brought, in accord with our system of pleadings, in the name of the party to the contract, for the benefit of the mortgagee, to the extent of its claim. This fact is alleged in the declaration in express terms.

The mortgagee has the right to control the judgment, and any execution issued thereon, until his claim under the policy

is extinguished, after which the mortgagor (the plaintiff) is the only party in interest and of record. The judgment will be a complete protection to the defendant against any further suit in respect to all claims under the policy.

> *Judgment affirmed, with directions to the clerk to deliver any execution issued thereon to the beneficiary under the policy until its claim thereunder is extinguished.*