D. P. MATTISON et al. *vs.* GEORGE TURNER.

May Term, 1897.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON and START, JJ.

*Pound-keeper's Liability—V. S. 4786.*

A pound-keeper's duties are the same whether the taking and impounding are lawful or unlawful; and by the performance of these duties he does not subject himself to an action of replevin for the wrongful act of the impounder in taking and impounding the beast.

V. S. 4786, providing that in certain instances the pound-keeper may require security of the impounder, does not import that the former shall be liable for the wrongful act of the latter in taking and impounding.

Replevin lies against the pound-keeper only for his own wrongful acts.

REPLEVIN. Pleas, the general issue and a special plea. General and special demurrer to the special plea. Heard at the December Term, 1896, Bennington County, *Thompson*, J., presiding. Demurrer sustained and plea adjudged insufficient. The defendant excepted.

The special demurrer assigned as causes that the plea did not allege any notice to the plaintiff of the impounding or of the appraisal of damages or of the hearing upon appraisal or that the beasts were taken doing damage.

*Batchelder & Bates* for the defendant.

*Barber & Darling* for the plaintiff.

The action is general replevin, not the special action against a pound-keeper, and the defendant must show a legal right to detain. *Mellen* v. *Moody*, 23 Vt. 674, is, therefore, not in point.

V. S. 4786 clearly imports that the pound-keeper shall be liable for the wrongful impounding because it gives him the right to demand indemnity from the impounder. As the law now stands the keeper must show that the beasts were lawfully impounded.

8

START, J.  This cause was heard on demurrer to the special plea.  The plea alleges, among other things, that there was a pound for the impounding of beasts liable to be impounded, in the town of Shaftsbury; that the defendant was the keeper of the pound; that the cattle in question were impounded therein; and that the damages had not been paid at the time the plaintiffs brought this action. The demurrer to these allegations is general and does not reach formal defects therein.   By these allegations, the defendant justifies his acts; and he was not bound to show that the act of the impounder, in taking and impounding the cattle, was lawful.

In *Bodkin* v. *Powell*, Cowper 476, *Lord Mansfield* said: "The pound is the custody of the law, and the pound-keeper is bound to take and keep whatever is brought him, at the peril of the person who brings it.  There is no judgment, no direction, no warrant or examination to be had by him. He does nothing to ratify; but only takes cattle, as he is obliged to do, at the peril of the persons who bring them. If wrongfully taken, they are answerable, not he.   It would be terrible, if a pound-keeper were liable to an action for refusing to take cattle in, and were also liable in another action for not letting them go."   And *Austin*, J., said: "The instant they are in the pound they are in the custody of the law; and, if the pound is broken, he cannot bring an action, but the person who distrained them."

It was held in *Mellen* v. *Moody*, 23 Vt. 647, that the statute relating to the replevying of beasts impounded did not contemplate that the writ should be brought against the pound-keeper, but the impounder; that the provisions in regard to the final disposition of such cases would be absurd, if the suit were to be brought against the pound-keeper; that the action of replevin against a pound-keeper, under the statute giving an action of replevin for goods unlawfully taken or unlawfully detained, must rest upon the wrongful acts of the pound-keeper; and that the

statute did not contemplate holding him responsible for the acts of the impounder.

There has been no change in the statute relating to the liability of pound-keepers since it was construed in *Mellen* v. *Moody, supra,* unless an additional liability attaches to them by reason of V. S. 4786, which provides, that, when a person impounds a beast, the pound-keeper may require sufficient security to indemnify him for liability for detaining the beast, and for supplying it with food and drink while in the pound; that, if the person so impounding does not, within twenty-four hours, furnish such security, he may release the beast and deliver the same to the owner or keeper; and that the person impounding the beast shall be liable to the pound-keeper for his costs, trouble and expenses. This statute does not, by implication or otherwise, impose liability upon the pound-keeper for the wrongful act of the impounder in taking and impounding a beast. It does not provide an adequate indemnity for such a liability. The pound-keeper may demand security, but he cannot refuse to perform his duty as pound-keeper, until the impounder has neglected for twenty-four hours to furnish it; and, if he is holden for the wrongful act of the impounder in taking and impounding the beast, a liability may become fixed by an action of replevin, long before the expiration of this time, for which the statute gives no indemnity, and from which it has provided no escape. Had the legislature intended to impose such a liability, it would have used apt words for that purpose, and made it lawful for a pound-keeper to refuse to perform any official act until security was furnished.

It is probable that the immediate occasion for this enactment was the holding in *Williams* v. *Willard,* 23 Vt. 369, to the effect, that the law did not imply a promise on the part of the impounder to indemnify the pound-keeper; and that the statute imposed no obligation upon the impounder of a beast to pay its keep to the pound-keeper.

This holding doubtless suggested, that, when beasts were replevied at the suit of the owner against the impounder, the pound-keeper was without remedy for the expense incurred while the beasts were detained in the pound; and it is evident that one purpose of the enactment was to remedy this omission in the statute. The enactment may be broader than is necessary for this purpose, but it is not broad enough to impose upon the pound-keeper a liability for the acts of the impounder, for which it provides no adequate indemnity. It is clear that the legislature did not intend, by the enactment, to subject the pound-keeper to the action of replevin, for acts done by the impounder prior to the time when he could exact security, or lawfully decline to perform the duties imposed upon him by the statute.

Other provisions of the statute that were in force at the time the statute in question was enacted, and have not been repealed, indicate that no such liability as is claimed attaches to a pound-keeper, and that such liability was not intended by the later enactment. V. S. 4764, makes it the duty of each organized town to keep one, two or three good and sufficient pounds for the impounding of beasts liable to be impounded. V. S. 4783, subjects a person who breaks open a pound, or releases a beast impounded, without authority to do so, to a forfeiture of twenty-five dollars, to the use of the town where the offence is committed, and to the payment of damages to the impounder. V. S. 4772, provides that no beast shall be discharged from the pound until the damages awarded by the appraisers, charges and costs are paid. V. S. 4768, makes it the duty of the impounder to notify the owner of the beast that it is impounded, and to appear and appoint appraisers. V. S. 4774, authorizes the impounder to sell the impounded beast, if the owner does not replevy or redeem it. V. S. 4767, provides that a person may impound a beast found in his enclosure doing damage; that the pound-keeper shall supply such beast with food and drink while in the pound;

and that such keeper shall be liable to pay the owner of such beast damages occasioned by neglecting to do so. It is clear from these sections that the pound-keeper does not impound beasts found in the enclosure of another doing damage. The owner of the enclosure impounds the beast, and the pound provided by the town detains it.

If we give the statute the construction contended for by the plaintiff's counsel, a pound-keeper cannot escape liability to the owner of the beast, when the acts of the impounder, in taking and impounding the beast, are wrongful. If he performs his duty as pound-keeper, he is liable for the acts of the impounder; and, if he neglects his duty and does not care for the beast, he is liable for such neglect. The statute does not admit of such a construction. The legislature did not intend, by the enactment in question, to subject a pound-keeper to an action in favor of the owner of the beast, if he did his duty, and to a like action, if he did not. The pound-keeper's duties are the same whether the taking and impounding are lawful or unlawful; and, by the performance of these duties, he does not subject himself to an action of replevin for the wrongful act of the impounder in taking and impounding the beast.

> *Judgment reversed; demurrer overruled; plea adjudged sufficient; cause remanded.*