LUKE W. WATRISS v. WILLIAM W. TRENDALL.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed December 7, 1901.

*Offset—Quantum meruit—Witness' opinion—Qualification as expert—Objection to competency—Waiver—Evidence—Materiality.*

On an issue as to the reasonable price of board, witnesses living in the vicinity where the board was furnished who know the price of board in that neighborhood, are competent to give their opinions.

When such witnesses are asked to give their opinions and opposing
counsel make no objection to their competency on that subject, but
only take a general exception to the questions and answers as to
the price, the objection to their competency is waived.

The preliminary qustion as to the qualification of a witness offered
as an expert being for the court, and being largely within the
court's discretion, the admission of such witness' testimony will
not be revised in supreme court unless it appears that there was
no evidence of such qualification.

The exclusion of a question in cross-examination of a party, the answer
to which, however given, would throw no light upon the issue on
trial, is proper.

DEBT. Plea, general assumpsit in offset. Trial by jury
at the June Term, 1901, Windsor County, *Start*, J., presiding.
Verdict and judgment thereon for the defendant. The plaintiff
excepted.

*Gilbert A. Davis* for the plaintiff.

The admission of the testimony of Mr. and Mrs. Tracey
was error. They testified to the price of board in the neigh-
borhood. Before they could so testify, it should have ap-
peared, affirmatively, that they had the requisite knowledge.
They were not called as experts. No foundation for their tes-
timony was laid. *Wright* v. *Williams*, 47 Vt. 233; *Kelsey* v.
*Kelley, et al.*, 63 Vt. 45.

It was error to exclude the cross-examination of the de-
fendant in regard to his charge for cleaning out the drain. It
was his duty to take care of it. *Blood* v. *Spaulding*, 57 Vt.
422; 1 Taylor on Landlord & Tenant, 343; and cases cited.

It was not necessary to accompany the question with an
offer. *Knapp* v. *Wing*, 72 Vt. 340. The defendant's answer
would have made probable the fact that he was acting of his
own volition. *Armstrong* v. *Noble*, 55 Vt. 428; *Randall*
v. *Preston*, 52 Vt. 198; *Buckley* v. *Jarvis*, 55 Vt. 348.

*J. C. Enright* and *E. R. Buck* for the defendant.

The testimony relative to the price of board was admissible. *Lester* v. *Pittsford,* 7 Vt. 161; *Clifford* v. *Richardson,* 18 Vt. 620; *Stone* v. *Tupper,* 58 Vt. 409; *Kelsey* v. *Kelley,* 63 Vt. 41.

But this question is not before the court. The preliminary question is for the court, and is largely a matter of discretion. It will not be revised here. 1 Greenl. on Ev. 577, and note c.; *Wright* v. *Williams,* 47 Vt. 222; *Perkins* v. *Stickney,* 132 Mass. 217; *Electric Co.* v. *Branham,* 33 L. R. A. 395.

The exclusion of the question asked defendant as to the cleaning of the drain was proper. It was manifestly unfair, and an attempt to get an immaterial matter before the jury, on which to base an argument. *Bishop* v. *Wheeler,* 46 Vt. 409; 1 Rice on Ev. 599.

TYLER, J. This action was brought to recover the amount of certain items claimed by the plaintiff to be due him from the defendant. The controversy seems to have been over the defendant's account in offset, items of which were for board of the plaintiff himself, his daughter and her husband, which the plaintiff was liable for, though the price had not been agreed upon. The question was, what was a reasonable price per meal and by the week?

H. L. Marcey was called as a witness, and in answer to questions by the defendant's counsel testified, without objection, that he lived a mile from the Watriss place where the board was furnished, and that he knew the price of board in district No. 6. The question was then repeated if he knew the price of board in that district, when the plaintiff's counsel objected, and the answer was admitted, under his exception, that it was worth 25 cents a meal "if they were to run in by odd jobs." The witness being told to answer the question directly, the following was asked: "Suppose he was there every meal, * * * what was the price of board in that neigh-

borhood?" and the witness answered, under plaintiff's general objection and exception, that it was worth $3.00.

Mrs. Marcey, called by the defendant, testified, without objection, that she lived three-fourths of a mile from the Watriss place; that she had kept boarders, and knew the price of board in that neighborhood. The witness then being asked what the price was, answered, under the plaintiff's objection and exception, that it was worth $3.50. On cross-examination she said that she kept boarders twenty-five years ago, and that she based her answer upon the price of board at that time.

The trial court evidently found that the witnesses lived in the vicinity of the place where the board was furnished, and knew the price. These facts were testified to without objection, and the witnesses were competent to give their opinions, within the rule in *Kelsey* v. *Kelley,* 63 Vt. 41, 22 Atl. 597, 13 L. R. A. 640; *Stone* v. *Tupper,* 58 Vt. 409, 5 Atl. 387; *Cavendish* v. *Troy,* 41 Vt. 108. It was the right of the plaintiff's counsel to insist, before the witnesses were asked to give their opinions, that they had not shown themselves competent; but this was not done; only a general exception was taken to the questions and answers in respect to the price, and objection to the competency of the witnesses was therefore waived. No objection having been made at this point, it was in the court's discretion to receive the opinions.

The preliminary question whether a witness offered as an expert has the necessary qualification is for the court to decide, and it is largely in its discretion, and unless it appears that there was no evidence of such qualification, the admission of the evidence will not be revised in this court. *Perkins* v. *Stickney,* 132 Mass. 217; 1 Greenl. Ev. 573, notes.

In the present case, there was evidence that the witnesses had such knowledge upon the subject that their opinions might

be received, and, no objection being made as to their competency, it was clearly in the discretion of the court whether to receive them or not.

An item in the defendant's account in offset was $1.50 for cleaning a drain in the cellar of the house leased by him of the plaintiff. The defendant testified that he did the work at the plaintiff's request, and upon his promise to pay for it, which the plaintiff denied. On cross-examination he said he dug out the ditch to clean the cellar, and he was then asked, "Did you care enough about the health of your family to dig it out without he asked you to?" which question was excluded, and the plaintiff excepted. The degree of care the defendant had for the health of his family was immaterial. If he had been permitted to answer, and had said that he did or did not care, the answer would have thrown no light upon the question whether he did the work at the plaintiff's request and upon his promise to pay. Therefore the question was properly excluded.

*Judgment affirmed.*