UNION SAVINGS BANK & TRUST CO. *v.* W. J. BEDELL, and S. D. ESTERBROOKS.

January Term, 1902.

Present: ROWELL, TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed February 27, 1902.

*Mortgage—Custody of fire insurance policy—Duty to secure insurer's consent to second mortgage.*

The petitioner held a fire insurance policy covering the property described in its mortgage from one of the defendants, which was procured by said defendant pursuant to a condition of the mortgage, and contained a provision that it should become void if the property was mortgaged without the consent of the company issuing it. This defendant, without the consent of the company, executed a second mortgage on the property; and thereafter the

premises were destroyed by fire, and the company refused to pay the loss. *Held*, that the custody of ·the policy did not charge the mortgagee with the duty of obtaining the company's consent to the second mortgage, so as to render it liable, on foreclosure, to account for the amount of the policy.

APPEAL in chancery. Heard on a master's report and exceptions thereto, at the December Term, 1900, Lamoille County, *Munson*, Chancellor, presiding. Decree for the petitioner. The defendants appealed.

*B. E. Bullard* and *W. A. Dutton* for the appellants.

The bank held the insurance policy as a pledge, and assumed all the responsibility of such holding. It was bound to protect it from forfeiture. Jones on Pledges, §§ 403, 414; Schouler on Bailments, 204-207. *Dewing* v. *Scribner*, 53 Vt. 1. Story on Bailments, § 332.

Like a holder of collateral security, the bank is answerable to the pledgor. *Griggs* v. *Day*, 136 N. Y. 152; 18 Am. & Eng. Ency. 655; *Hanna* v. *Holten*, 78 Penn. St. 334; *Soule* v. *Bank*, 45 Barb. 111; 1 Jones on Mort. § 416.

*Geo. W. Hendee* and *H. H. Powers* for the appellee.

The defence here insisted upon cannot be urged since it is not set up in the answer. *Warren* v. *Warren*, 30 Vt. 530.

The bank did not hold the policy as a pledge. Its custody of it added nothing to the security. A suit upon it would have to be in Bedell's name. The duty of keeping within its conditions rested on Bedell. The defendant's claim makes the bank an insurer of Bedell's faithful observance of his own duty, and compels it to stand guard over him lest he violate his own contract.

START, J. The petition is for the foreclosure of a mortgage given to the petitioner by defendant Bedell. The mortgage contains a condition that Bedell shall keep the buildings on the premises insured for the benefit of the petitioner. Pur-

suant to this condition, Bedell caused the property to be insured, and at the petitioner's request, the policy was sent to its bank, and there remained until after the property was destroyed by fire.   In the policy it was provided that it should be void, if the property was mortgaged without the consent of the insurer endorsed thereon.   After the policy was issued and delivered, Bedell, without the consent of the insurer, mortgaged the property to Esterbrooks; and, for this reason the loss has not been paid. Bedell insists that the petitioner held the policy as a pledge or as collateral security; that it was the petitioner's duty to procure the consent of the insurer to be endorsed on the policy; and that, having failed to do so, the petitioner should account to him for the sum for which the property was insured.

The petitioner did not hold the policy as a pledge, or as collateral security.   Bedell agreed to keep the property insured for the petitioner's benefit; and, pursuant to that agreement, upon his own application, caused to be issued to himself a policy of insurance, wherein the loss, if any, was payable to the petitioner, as its interest might appear.   He was bound to know the conditions upon which the policy was issued; and, while chargeable with such knowledge, by his own act, in giving a second mortgage without the consent of the insurer, violated a material condition of the policy, and thereby rendered it void.   The petitioner's custody of the policy did not add anything to its security.   By the terms of the policy, the loss, if any, was payable to it, as its interest might appear; and, while the policy was issued to Bedell, and a suit at law for the recovery of the loss could only be brought in his name, the petitioner could control any execution issued on the judgment, until its claim was extinguished.   *Powers* v. *New England Fire Insurance Co.,* 69 Vt. 494, 38 Atl. 148.   Therefore, its custody of the policy was wholly immaterial, except

that the receipt of it informed the petitioner that Bedell had kept his agreement to the extent of having the property insured for its benefit. It was not the duty of the petitioner to see to it that Bedell did not, by his own act, render the policy void, nor, when he had done so, to procure other insurance. The duty of keeping the insurance good rested upon Bedell, and, before placing a second mortgage upon the property, he should have procured the consent of the insurer, or other insurance. Having omitted to do so, he cannot now charge the petitioner with the damage that has accrued to him by reason of such omission.

*Decree affirmed and cause remanded.*