EDWARD B. KELLY *vs.* DENNIS GREANY.

Middlesex. November 13, 1913. — January 8, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Damages,* Nominal. *Agency. Practice, Civil,* Parties.

A plaintiff in an action of contract, who has a legal cause of action without any beneficial interest and sues as the agent and for the benefit of the person in interest, is not restricted to nominal damages but may recover the full damages to which he is entitled by law, without regard to the fact that he is accountable to his principal for the amount recovered. In such an action the plaintiff need not state his agency in the writ, such a statement being proper but not necessary.

LORING, J. This is an action for breach of a covenant against incumbrances, in which the judge * instructed the jury that if they believed the testimony the plaintiff was entitled to nominal damages only.

The incumbrance complained of consisted in a tax duly assessed upon the premises, which confessedly was covered by the covenant. To get rid of the incumbrance caused by the tax the plaintiff paid $84.52, and three days later brought this action.

At the trial the defendant proved that before the plaintiff paid the tax here in question he had conveyed the land by a deed "containing in the descriptive part a recital that the land was sold subject to all unpaid taxes." It also appeared in evidence that after this action was brought the grantees in this subsequent deed of the plaintiff had paid the plaintiff $79, which they supposed was the amount of the tax; and one of them "testified that he supposed they were under an obligation to repay the difference."

---

* *Stevens,* J. The jury returned a verdict for the plaintiff in the sum of $1; and the plaintiff alleged exceptions.

Further there was evidence that the plaintiff was a conveyancer who had bought the land for the grantees in the deed subsequently executed by him, and that these grantees had furnished him with the purchase money. And lastly it appeared that this action was brought by him with their consent and for their benefit.

If this testimony was believed, $84.52 had been paid to remove an incumbrance covered by the defendant's covenant, and this payment had been made by or in behalf of the persons for whom the deed containing the covenant was obtained and for whose benefit this action was brought. The state of the account between the plaintiff and his principals was of no consequence, and the plaintiff had a right to recover $84.52, with interest from the date of the writ.

The defendant has undertaken to support the ruling on the ground that it is not stated in the writ that the action was brought for the benefit of the plaintiff's grantees. Where an action which must be brought in the name of the plaintiff is in fact brought for the benefit of another person, it is proper but not necessary to state that fact in the writ. See in this connection *Sheldon* v. *Kendall,* 7 Cush. 217, where it was held that under Rev. Sts. c. 96, § 11 (now R. L. c. 174, § 5), a defendant can set off a claim against the person for whose benefit an action is brought although it is not stated in the writ that the action is brought for the benefit of the person for whose benefit it is in fact brought and from whom the claim to be set off is due. To the same effect see *Avery* v. *Russell,* 125 Mass. 571; *Jump* v. *Leon,* 192 Mass. 511; *Berenson* v. *Conant,* 214 Mass. 127.

*Exceptions sustained.*

*G. M. Poland,* for the plaintiff.

*A. D. Moran,* for the defendant, submitted a brief.