ST. ALBANS GRANITE COMPANY *v.* ELWELL & COMPANY.

January Term, 1915.

Present: POWERS, C. J., WATSON, TAYLOR, SLACK, and HEALY, JJ.

Opinion filed January 23, 1915.

*Assignments—Action by Assignee—Necessity of Alleging Assignment—Dissolution, under P. S. 773, of The Corporation That Made the Assignment—Effect—Evidence—Findings of Fact—Sufficiency of Record—Evidence not in Record—Presumption in Support of Judgment—Objections to Evidence—Statement of Grounds.*

Under P. S. 773, providing that a corporation causing to be filed a sworn statement of voluntary dissolution shall not thereafter transact corporate business, nor possess any corporate functions, a suit in the name of a corporation, brought by creditors to whom it had assigned its claims, was not abated by the filing of the sworn statement after the suit was begun.

In an action by assignees brought in the name of the assignor, the declaration need not allege that the action is for the benefit of the assignees.

In such an action the court will protect the assignees against the acts of the assignor, so far as that can be done without prejudicing the rights of the debtor, and will not allow the assignor to prejudice the rights of the assignees by receiving money, releasing the debt, entering a *retraxit*, or dismissing the action.

In such action the court will also protect the assignor and defendant, and will make such orders and findings as are requisite for the protection of each assignee, without subjecting defendant to separate actions.

An exceptor has the burden of making the record show affirmatively that error was committed below.

A bill of exceptions will be construed most strongly against the exceptor.

Where the record shows that the trial court found that written contracts had been lost or destroyed by fire, and the evidence is not in the record, it will be presumed on review that the evidence warranted that finding.

In an action in the name of a corporation, brought by creditors to whom it had assigned its claims, where the pleadings, without objection, made an issue of fact joined to the country of the question of law whether, after filing the sworn statement of voluntary dissolution provided for by P. S. 773, the corporation could maintain such action, defendant was estopped to object to the admission of evidence that the claims were assigned to different creditors, on the ground that such evidence did not tend to support the issues.

Where the record does not show whether assignments of plaintiff's claims were in writing, it will be presumed on review, and in support of a judgment based on parol evidence of the assignments, that either they were not in writing, or that the written assignments had been lost or destroyed.

A general objection and an exception to testimony as to the amount due from defendant does not render available on review the objection that the testimony was as to the aggregate amount due and not the amount due each assignee.

A general objection to the admission of testimony goes to the evidence and not to the competency of the witness.

Error does not appear in the admission of testimony as to assignments made by a corporation, against the objection that they did not conform to the requirements of the by-laws, where the by-laws are not in the record.

Error does not appear in the admission of designated testimony on the ground that certain correspondence put in evidence by exceptor opened the door for such testimony, where that correspondence is not in the record.

Exceptions relating to exhibits will not be considered on review, where the exhibits are not furnished this Court.

Points raised by exceptions to a charge of which no copy is furnished this Court cannot be reviewed.

GENERAL ASSUMPSIT.  Pleas, the general issue, payment, offset, and a declaration in offset.  Trial by jury at the March Term, 1914, Franklin County, *Waterman,* J., presiding.  Verdict and judgment for the plaintiff.  The defendant excepted. The opinion states the case.

*Richard A. Hoar* for the defendant.

*C. G. Austin & Sons* for the plaintiff.

POWERS, C. J.  The plaintiff, a corporation organized under the laws of this State, sold several granite monuments to the defendant, and the same not having been paid for, this action of general assumpsit is brought to recover the purchase prices thereof.  The writ issued in September, 1912, and was duly entered in court.  The defendant pleaded the general issue, payment, and offset; and also filed a declaration in offset, claiming to recover thereunder a balance due by way of damages on account of certain contracts for granite jobs other than those sued on.

The several claims on which the suit is predicated had, before suit, been assigned to different creditors for money advanced, and notice thereof had been given to the defendant; and this action is brought and prosecuted in behalf of such creditors.

On March 1, 1913, and while this suit was pending in the county court, the plaintiff corporation, by its proper officers, filed the sworn statement of voluntary dissolution specified in P. S. 772.  Thereupon, the defendant pleaded this fact in bar of the action.  No question is here made as to the legal sufficiency of such sworn statement, and no question of pleading is raised.

The defendant insists, however, that by the very terms of P. S. 773, the result is that the corporation has ceased to exist and the pending suit is abated.  The provision relied upon reads as follows:  ''As corporation causing the sworn statement * * * to be filed * * * shall not thereafterwards, in this State or elsewhere, conduct or transact any corporate business, nor possess any corporate functions, except in case proceedings are instituted against such corporation by creditors or stockholders, and then only for the purpose of adjusting the rights of such creditors or stockholders; and such corporation and all rights and privileges existing thereunder, except as set forth in this section, shall cease to exist.''

31

The case before us does not require that we say what the result of filing the sworn statement would be in an ordinary action of the corporation to recover a debt due it. The jury, by special verdicts, has established the fact, already stated, that the claims covered by this action had been duly assigned and that the assignees began and are prosecuting this suit for their own benefit.

Neither the validity of the assignments, nor the standing of the assignees is affected by the fact that it does not appear from the writ or declaration that the action is brought in behalf of such creditors. However useful and convenient such an allegation might be as notice to the defendant of the rights of the assignee and a guide to the court in protecting the same, the rules of pleading do not require it. *Mutual Life Ins. Co.* v. *Allen*, 113 Ill. App. 89; *Hayes* v. *Virginia Mut. Protec. Asso.*, 76 Va. 225; *Bentley* v. *Standard F. Ins. Co.*, 40 W. Va. 729; *Kelly* v. *Greany*, 216 Mass. 296, 103 N. E. 779.

It is the policy of the courts to give full recognition to the rights of the beneficial owner under such assignments as are here involved, and they "exert themselves to afford them every support and protection not inconsistent with the established principles and modes of proceeding which govern tribunals acting according to the course of the common law." *Welch* v. *Mandeville*, 1 Wheat. 233, 4 L. ed. 79; *Upton* v. *Moore*, 44 Vt. 552. The assignee will be protected against the acts of the assignor, so far as can be done without prejudicing the rights of the debtor,—*Dacey* v. *Mills*, 10 Ill. 67,—and the assignor will not be permitted to prejudice the rights of the assignee by receiving the money, releasing the debt, entering a retraxit or dismissing the action. *Clarkson* v. *Doddridge*, 14 Gratt. (Va.) 42; *Welch* v. *Mandeville, supra; Sloan* v. *Somes*, 14 N. J. L. 509; *Hallaran* v. *Whitcomb*, 43 Vt. 306. The assignee may use the name of the assignor to collect the claim assigned, and the latter's consent thereto is not necessary. *Bates, Admr.* v. *Kempton*, 7 Gray 382. The court will permit such use over the protest of the assignor, *Sumner* v. *Slathey*, 87 Ill. 500; *Calhoun* v. *Tullars*, 35 Ga. 119, and in a proper case compel it. *Anderson* v. *Miller*, 15 Cone. & Mar. (Miss.) 586.

Such being the law of the subject, it seems clear that the statute ought not to be so construed as to cut off the rights of the assignees unless its terms compel such a construction. And not-

withstanding the positive language used, we think it does not apply to the situation here presented. The whole purpose of the statute is to force these corporations to pay their license fees or go out of business. The exception shows that it was the purpose of the Legislature to protect the interests of creditors. But the assignees are creditors of the corporation, and to hold as we are urged to by the defendant would accomplish the double injustice of relieving it of an honest debt and of forcing the assignees to lose their equally honest debts. The corporation is not here conducting or transacting corporate business, or exercising a corporate function within the fair meaning of the statute. It is not asserting a corporate right or privilege, within that meaning. It is not acting at all. It is the mere passive agency through the use of whose name the assignees are acting. The right to use the corporate name in enforcing these claims passed to and vested in the assignees as an incident of the assignments long before the corporate officers filed their statement. Assuming that the Legislature could, we do not think the Legislature did interfere or attempt to interfere therewith. We do not think the statute extends to the case here presented.

The objections to this construction on account of administrative difficulties are without merit. The court was sufficiently empowered to indemnify the corporation and protect the defendant in the matter of costs. It could, by proper findings and orders, protect each of the assignees in his particular rights, without compelling them to resort to separate actions which would be vexatious to the defendant.

We are much embarrassed in the consideration of the defendant's exceptions to the admission and exclusion of evidence by the meagre and unsatisfactory record before us. And in this connection, it may not be amiss to suggest, as we have often done, before, that the excepting party is required, at his peril, to spread upon the record enough to show affirmatively that error was committed at the trial.

The specification filed by the plaintiff shows eight separate contracts of varying amounts, each bearing a number and aggregating $364. Construing the bill of exceptions most strongly against the defendant, as under our rule we are bound to do, it fairly appears therefrom that while these several contracts were in the form of written orders, the court found the fact to be that they were either lost or destroyed by a fire. To this finding the de-

fendant excepted. But the evidence is not before us and we must assume that the finding was sufficiently supported thereby.

The plaintiff was allowed to show, in effect, that it completed and shipped the monuments in question, and that they were not paid for. This was objected to on the ground that the contracts were not produced, and that the terms thereof did not appear. But the contracts were lost or destroyed, and the claim of the defendant that the terms thereof had not been sufficiently shown to admit this testimony is not borne out by the record. For aught that appears, all the particulars of the contracts had been shown. This ruling was without error.

The defendant excepted to the admission of evidence showing that the contracts were assigned to different creditors as hereinbefore stated. It was argued, as it now is, that the voluntary dissolution effected by filing the sworn statement above referred to made this evidence wholly immaterial; that the writ or declaration should have shown such assignments in order to make evidence thereof admissible; and that the evidence did not tend to support the issues or any of them. The first and second of these claims have already been disposed of. A consideration of the third discloses a condition somewhat unusual.

After the sworn statement had been filed, the defendant filed an additional plea purporting to set forth that fact in bar. An examination of the plea, however, shows that the pleader did not set forth the facts necessary to make a good statement under P. S. 772, but alleged that the corporation "became and was voluntarily dissolved" under that section and that "the statement of said plaintiff for such dissolution" was duly filed. But the contents of such statement are not set forth or that it was executed and verified as required. And the plea further alleges that the plaintiff "no longer exists for any purpose, but on the contrary is dead for any and all purposes whatsoever, and cannot further maintain this action for its own benefit or the benefit of any other corporation, or person or persons whomsoever."

Instead of demurring, the plaintiff replied a *precludi non* because the plaintiff "did not * * * become and be voluntarily dissolved," and alleging that "the plaintiff denies that it no longer exists for any purpose, that it is dead for any and all purposes, and cannot further maintain this action for its own benefit or the benefit of any other corporation, or person, or

persons whomsoever.  And this it, the said plaintiff, prays may be inquired of by the country.'·

We thus have, not an issue of fact, but an issue of law joined to the country.  For the effect of filing the sworn statement, assuming its legal sufficiency, was a question of law.  It appears, however, from the record that this was treated as a proper issue, for the evidence was received in regular course, and special verdicts submitted as above stated.  The defendant did not object to this; nor did it predicate its objection to the evidence of the assignments upon any specific reference to these pleadings.  In these circumstances, the exception is unavailing.  The facts involved, not being admitted, had to be found, and the defendant did not object to their being submitted to the jury.

The defendant also excepted to the admission of parol evidence of these assignments.  It appeared that some of the assignments referred to in the evidence were in writing and these were in court and used as evidence.  Whether or not the others were in writing does not appear.  As the record stands we must assume in support of the ruling that they were not in writing, or if in writing were lost or destroyed.

An unnamed witness was allowed to testify that he claimed that the amount due from the defendant was $364.  To which the defendant excepted.  It is probable that this witness was an officer or employee of the plaintiff, and we so assume.  The objection to this evidence was general.  It is now claimed that the evidence was inadmissible because it was a statement of the aggregate sum due from the defendant and not the amount due each assignee.  This claim was not made below, and so is not available here.  Subject to exception, one Learned was allowed to testify that in certain stated circumstances, a monument would be apt to develop a streak.  It is now asserted that this was allowing a witness to give an opinion without qualifying him therefor.  But the objection was without stated grounds, and was to the evidence and not to the witness. The exception argued is, therefore, unavailing. *Watriss* v. *Trendall*, 74 Vt. 54; *Parker* v. *McKannon Bros. & Co.*, 76 Vt. 96; *Comstock's Admr.* v. *Jacobs*, 86 Vt. 182.

John Kearney was allowed to testify that he advanced money and took assignments of certain contracts, and that the plaintiff made the assignments.  The objection to this testimony was put· upon the ground that the by-laws of the corporation required as-

signments to be made by the president with the approval of the directors. The ruling admitting the evidence was without apparent error. The by-laws are not referred to or furnished us, so we cannot say that the objection was well founded.

A defective monument was furnished by the plaintiff and erected for one Walker. It appeared that both this man and his wife had deceased. The plaintiff made a settlement of the claim growing out of this defect with one Marion Walker, who we understand from the exceptions represented the Walker family, and who was the person claiming damages on account of the defect. The defendant objected to all evidence tending to prove this settlement. The evidence was admitted, however, upon the ground that certain correspondence put into the case by the defendant opened the door for it. The correspondence referred to is not before us, and therefore we cannot say that the ruling was wrong.

Some other exceptions were saved by the defendant, but they are without merit and too unimportant to require consideration. In some instances these exceptions relate to exhibits, and the exhibits have not been furnished us; in other instances the objections made are too general to raise any question.

We find no error in the argument complained of, and are unable to review the points raised by exceptions to the charge, because a copy of the charge is not furnished us.

*Judgment affirmed.*