HARVEY DUNBAR ET UX. *v.* MAXIME GODBOUT ET AL.

May Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 3, 1933.

450

*S. E. Darling* for the defendants.

*Searles & Graves* for the plaintiffs.

MOULTON, J. This is an action in which the plaintiffs seek to recover for the wrongful conversion of certain cattle. The defendants filed a plea called in the record an avowry, although incorrectly, because the action is not replevin, [Gould on Pleading (4th ed., ch. IV, § 104)], which alleged in substance that the cattle were found damage feasant in the enclosure of the defendants Godbout, in the town of Walden; that they took the animals and inquired of the selectmen of the town whether there was a pound therein,. and were informed that Fred Allen and H. L. Gilman were the poundkeepers; that they applied to these two, and each informed them that he was not a poundkeeper and refused to take the cattle; that they then again consulted one of the selectmen, who directed them to impound the cattle at the barn of defendants Raoul Maurice and Joseph Bolduc, which they proceeded to do; that within twenty-four hours thereafter they left a written notice at the dwelling of the plaintiff Harvey Dunbar, stating the place of impounding and the time and place of appraisal of the damages as required by G. L. 6672; that the plaintiffs did not appear within twenty-four hours, and the defendants Godbout applied to a justice of the peace to appoint appraisers, which was done and the appraisal made, pursuant to G. L. 6675 and 6676; that the plaintiffs did not, within forty-eight hours replevy or redeem the cows, as provided in G. L. 6677 and 6678; and that thereupon pursuant to G. L. 6678, 6679, and 6680, the defendants Godbout advertised the cattle for sale by posting a notice six days prior to the sale in a public place, stating the time and place of the sale, and giving the description of the animals, and also sent a registered letter of notice to Harvey Dunbar; that, on the day appointed, the cattle were sold at public auction and the proceeds applied as directed by G. L. 6681 and 6682. The plaintiffs demurred to

this plea; the demurrer was sustained and the case is before us on the defendants' exceptions.

The first ground of demurrer is that the plea does not allege that there was no legal pound in the town of Walden, and, hence that the impounding in the barn of defendants Maurice and Bolduc was an unlawful taking and detention of the cattle. Each organized town is required, by G. L. 6668 to keep, at its expense, one, two, or three good and sufficient pounds, and, by G. L. 6669, it is subjected to a penalty if it does not do so. It is the duty of the poundkeeper to receive and keep the beasts brought to him, without regard to the legality of the impounding. *Mattison* v. *Turner,* 70 Vt. 113, 114, 117, 39 Atl. 635. If there is a sufficient pound in the town, cattle taken damage feasant cannot be legally impounded elsewhere, and to do so is to act without right. *Ladue* v. *Branch,* 42 Vt. 574, 575, 576. It is only where there is no sufficient pound that ''a person wishing to impound a beast may use his barn or some other enclosure for that purpose.'' G. L. 6670; *Riker* v. *Hooper,* 35 Vt. 457, 462, 82 A. D. 646. There is no specific allegation of the nonexistence of at least one sufficient pound in the town, and it is to be presumed, in the absence of a contrary showing that the town has obeyed the statutory mandate. See *Hazen* v. *Perkins,* 92 Vt. 414, 419, 105 Atl. 249, 23 A. L. R. 748. The fact that one of the selectmen directed the defendants Godbout to impound the cattle in the barn of Maurice and Bolduc is not a designation of that place as a legal pound. Assuming, but not deciding, the authority of the selectmen thus to establish a pound, the acts of one of them, without the knowledge or consent of the others, was not sufficient for this purpose, and there is nothing alleged in the plea from which any legitimate inference can be drawn that any of the other selectmen were cognizant of, or consented to, what was done. *Hunkins* v. *Johnson,* 45 Vt. 131, 136; and see *Gregg* v. *Town of Weathersfield,* 55 Vt. 385, 387. The demurrer was properly sustained upon this ground, and it is not necessary to consider the other ground alleged.

It appears by the bill of exceptions that, after the ruling upon the demurrer, the issue of damages was submitted to a jury. The bill states: ''It was then agreed, in view of the fact that the jury had been summoned, that the trial should

proceed solely on the question of the value of the cattle, which was done, so that, if the plaintiffs prevailed in their demurrer, an additional trial would not be required. The jury brought in a verdict for plaintiffs to recover ninety dollars ($90.00). Judgment was then rendered for the plaintiffs to recover from the defendants the sum of ninety dollars ($90.00) and costs, and that a certified execution should be granted. The defendants were allowed an exception to the judgment and to the granting of a certified execution, and the cause was passed to the Supreme Court.'' The plaintiffs argue that by proceeding with the trial, the defendants have waived their exceptions to the ruling upon the demurrer, but we do not consider that, under the circumstances, they have done so. The subsequent proceeding was not a trial on the merits of the controversy, but was for the limited purpose of ascertaining the damages in the event that the demurrer should be held to be good in this Court. But a bill of exceptions is to be construed against the excepting party (*Higgins* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394; *St. Albans Granite Co.* v. *Elwell Co.,* 88 Vt. 479, 483, 92 Atl. 974; *Stoddard* v. *Cambridge Mut. Fire Ins Co.,* 75 Vt. 253, 257, 54 Atl. 284), although the construction must be reasonable. *Poulin* v. *Graham,* 102 Vt. 307, 310, 147 Atl. 698; *Hanley* v. *Town of Poultney,* 100 Vt. 172, 174, 135 Atl. 713, 54 A. L. R. 371. The defendants did not ask for leave to replead or amend, and by consenting to a jury trial upon the issue of damages, for the purpose indicated, made it apparent that they chose to rely upon the facts alleged in their plea, which were admitted by the demurrer. The exceptions taken to the judgment and the granting of the certified execution are not briefed, and are consequently waived. *Price* v. *Holden,* 104 Vt. 504, 505, 162 Atl. 376. On the record, therefore, no issue of fact remains for disposition. *Price* v. *Holden, supra.*

*Judgment affirmed.*