CYRUS M. SPALDING  v.  ADMINISTRATOR OF WILLIAM E. OAKES.

### Contribution between Wrong Doers.

The general proposition that there can be no contribution, nor indemnity, between wrong doers, is subject to the exception that where one party induces another to do an act which is not legally supportable, and yet is not clearly, in itself, a breach of law, the party so inducing shall be answerable to the other for the consequences.

The inducement in such case must consist of an express undertaking to indemnify against the consequences of such act, or omission to act, or the circumstances attending the transaction, as between the parties, must be such that the law will therefrom imply an undertaking, or raise an obligation, on the part of the one to indemnify the other.

The plaintiff and the defendant were the owners, in common, of a vicious ram, and his vicious propensities were known to both parties. The animal was kept for the separate use of both, each having the immediate charge of him, from time to time, as occasion required. At the time the ram did the injury for which both were liable he was kept by the defendant on his farm, with the knowledge and assent of the plaintiff, although the plaintiff did not know of the defendant's taking him at the time when he was taken. The plaintiff knew that the defendant did not restrain the ram, and took no steps to himself. While being so kept by the defendant, the ram, in consequence of not being properly restrained, inflicted said injury. *Held* that the parties come within the general rule of wrong doers between whom there can be no contribution or indemnity.

ACTION ON THE CASE, to recover that portion of a judgment recovered at a former term of the court, by Henry Oakes and wife against the plaintiff and the defendant jointly, for an injury done by a ram to the wife of said Henry Oakes, and for the costs and expenses of said suit, which the plaintiff has paid, as stated below. Plea, the general issue. Trial by jury, September term, 1868, Chittenden county, PIERPOINT, C. J., presiding.

The facts in this case are the same that appeared in the said former suit, as reported in the 40 Vt., 347. It further appeared that when the defendant took the ram, as stated in said report, he had sold his flock of sheep, except said ram, to be delivered after they were sheared; and the plaintiff, on being asked, by the defendant's counsel, where he, at the time of the washing, understood or expected the ram would be kept afterwards, replied that he did not know that he had any expectation or understanding on the subject. It also appeared that the plaintiff, on one occasion, before the injury to Mrs. Oakes, saw the defendant driving the

ram with his sheep in the road, and at another time was told, by the defendant's son, that the ram had got out of the lot and he was going after him, and on neither occasion did the plaintiff make any objection, or say anything. The defendant did not appear to or defend said action, in favor of Henry Oakes and wife, but the plaintiff did, and defended the same for himself, but on trial judgment was rendered thereon for the plaintiff for the damages occasioned to Mrs. Oakes by said injury. The plaintiff was compelled to pay, and did pay, upon said judgment, one half of the damages recovered in said action, and the whole costs less six dollars. The whole sum so paid by the plaintiff, on said judgment, including interest to the time of payment, December 2d, 1867, was $880.19. On the 20th day of December, 1867, the plaintiff paid Henry Oakes, the husband of the injured woman, $350, for one half of the claim of Henry Oakes, personally against the plaintiff and defendant, and at the same time the defendant also paid Henry Oakes $350, for the same purpose, being $700 in the whole, which sum the plaintiff and the defendant were legally bound to pay to Henry Oakes, as between him and them, on account of said injury. In attempting to defend said action the plaintiff necessarily expended $20 for personal expenses about the same, and for necessary counsel fees $200.50. The plaintiff defended said action and incurred said expenses and costs in good faith, under the advice of counsel that he was not liable for said injury. While the ram was so in the custody and possession of the defendant, and when the injury aforesaid occurred, the plaintiff had no knowledge on the subject of the arrangement between the defendant and said Henry Oakes as to said cause, or of any of the facts connected with it, or with Mrs. Oakes. Upon the evidence, the court, *pro forma*, directed a verdict and judgment for the defendant, to which the plaintiff excepted.

In this cause the defendant having died since the trial in the county court, it was stipulated that if the administrator of the defendant should enter and defend the suit, by so doing they should not lose, or be taken as waiving the right to move to dismiss upon the ground that it does not survive.

Spalding v. Administrator of Oakes.

·*E. R. Hard* and *George F. Edmunds*, for the plaintiff.

The common law rule that one joint tort feasor shall not maintain an action against another, for indemnity or contribution, is limited to those cases where the tort, for which the party claiming redress has been compelled to pay damages, is a known meditated wrong, committed by him intentionally, and with a knowledge (or such information as amounts to knowledge) that the act was unlawful. This rule has never been extended to cases where, without personal participation in any improper motive, and without any unlawful intent on his part, a party has been subjected to liability merely on account of his relation to the perpetrator of the wrong. *Merryweather* v. *Nixon*, 8 T., 186 ; *Betts* v. *Gibbons*, 2 Ad. & El., 57 : *Adamson* v. *Jervis*, 4 Bing., 72 ; *Wooley* v. *Batté*, 2 C. &. P., 417 ; *Jacobs* v. *Pollard*, 10 Cush., 287 ; *Bailey* v. *Bussing*, 28 Conn., 455 ; Chit. on Con., 440, 441, 521 ; 1 Smith Lead. Cas., 200, 202, (top paging) ; Story on Part., § 220 ; 1 Pars. on Con., 37, note.

The plaintiff's right to recover is not affected by the vicious character of the ram. Ownership of a vicious animal, known to be such by the owner, is not *per se* tortious ; for it is lawful to own and keep such an animal. *Jackson and Wife* v. *Smithson*, 15 M. & W., 561 ; *Oakes and Wife* v. *Spaulding*, 40 Vt., 347.

The doctrine of contribution applies only between parties whose guilt is equal ; and not to cases where the actual guilt rests wholly with one or more, and the others are made responsible to the person suffering therefrom merely by reason of their relation to the party doing the wrong. In the present case, the plaintiff is entitled, not to contribution merely, but to indemnity.

If the common property is destroyed or injured through the misfeasance or negligence of one joint owner, he is responsible to the other for the damage he sustains thereby. *Martin* v. *Knowllys*, 8 T. R., 145 ; *Daniels* v. *Daniels*, 7 Mass., 135 ; *Chelsey* v. *Thompson*, 3 N. H., 11 ; *Guillot* v. *Donat*, 4 Martin, La., 203. The law plainly imposes on the one joint owner in possession and control of the common property, the duty of exercising reasonable care and prudence in the management and restraint of the com-

mon property.   The failure to fulfil this duty has caused the plaintiff to expend the sums claimed.

The plaintiff is entitled to recover what he reasonably expended in resisting, in good faith, a recovery in the suit brought against him by Henry Oakes and wife, as well as what he paid upon the execution in that case.   *Hamden* v. *N. H. & N. R. R. Co. et al.*, 27 Conn., 158.

*L. F. Wilbur* and *E. J. Phelps*, for the defendant.

The relation between the plaintiff and the defendant, as joint owners of the animal, for common use, made them, as to that, partners, or *quasi* partners.   The defendant assumed no special obligation or undertaking with the plaintiff, in regard to the custody of the ram, but merely had him in possession for the time being, as part owner, with the plaintiff's assent.   Between such parties the law affords no remedy for the negligence of either in the management of partnership business, or the care of partnership property.   *Moody* v. *Buck*, 1 Sandf., 304; *Hawkins* v. *Applebee*, 2 Sandf., 421; *Twolong* v. *Bartlett*, 21 Pick., 401; *Lyles* v. *Styles*, 3 Wash. C. C. Rep., 224; Collyer on Part., § 183: *Franklin* v. *Robinson*, 1 Johns., ch. 165.   Especially must this be true where, as in the present case, the negligence of both parties contributed to the common loss sustained.

But the plaintiff and defendant were not only jointly in fault as between themselves, but as to the injured party, they were both wrong doers.   The recovery against the plaintiff was not upon the ground that he was responsible for the defendant's conduct, but that he was liable for his own.   *Meryweather* v. *Nixon*, 8 Term, 186; *Calhoun* v. *Patmere*, 4 Term, 677; 1 Smith's Lead. Cas., 201. Irrespective of the relation of these parties as partners or joint owners, it is a rule without exception, that no action can be maintained for damages sustained by the negligence of another, when the plaintiff's own negligence contributed to the injury.

The opinion of the court was delivered by

PIERPOINT, C. J.   The first question that arises upon the bill of exceptions, is whether the plaintiff, upon the facts stated, could

maintain this action against the said Willam E. Oakes in his lifetime?

The general proposition, that there can be no contribution nor indemnity between wrong doers, is perfectly well settled by a long and uniform course of decisions, many of which have been referred to by the counsel on the one side or the other in this case. The rule is conceded; it is also conceded that there are exceptions to the rule, and it is in respect to such exceptions that the controversy in this case, as in most of the cases on the subject in the books, has arisen.

It is insisted on the part of the plaintiff, that his connection with the transactions that resulted in the injury to the wife of Henry Oakes, for which the plaintiff and this defendant were made jointly liable, in an action brought by the said Oakes and wife against them for such injury, was not of such a character as to make him a wrong doer within the meaning of the above rule, but that he comes within the exceptions to that rule. This leads us to inquire as to what constitutes an exception to the rule. I think the principle applicable to the exceptions is well stated in a general way by Lord DENMAN, C. J., in *Bells* v. *Gibbins*, 2 Adv. & Ellis, 55, where he says: "That where one party induces another to do an act which is not legally supportable, and yet is not clearly in itself a breach of law, the party so inducing shall be answerable to the other for the consequences." This however still leaves the question open as to what shall constitute a sufficient inducement to produce such result. We think the inducement must consist of an express undertaking to indemnify against the consequences of such act, or omission to act, or the circumstances attending the transaction, as between the parties, must be such that the law will therefore imply an undertaking, or raise an obligation on the part of the one to indemnify the other, and thus take the case out of the general rule; then circumstances will vary with each particular case. This principle seems to pervade all the cases to be found in the books.

What then are the facts in this case? The plaintiff and defendant were the owners in common of a vicious ram. The vicious propensities of the animal were known to both parties. The animal

was kept for the separate use of both, each having the immediate charge of him from time to time as occasion required.   At the time the injury occurred the animal was being kept by the defendant, Oakes, on his farm.   This was known and assented to by the plaintiff, although he did not know of Oakes' taking him at the time when he was taken.   While being so kept by Oakes, in consequence of not being properly restrained, the ram inflicted the injury for which these parties were made jointly liable.

The law is well settled that one who owns or keeps a vicious animal, knowing him to be vicious, is legally bound to restrain him at all hazards, that no injury shall result to others from his vicious propensities.   The plaintiff and defendant being the joint owners of the ram, both were under obligation to restrain him, yet neither of them discharged their duty in this respect.   It is apparent from the facts and the decision of the court thereon, in the case of Oakes and wife against these parties, as reported in the 40 Vt., that the defendants in that suit were not made liable in consequence of any act done by either, but in consequence of their neglect to perform the duty which the law imposed upon them as the owners of the ram.   BARRETT, J., in that case says : " They sustained the relation of joint ownership voluntarily, and they thereby become chargeable with the correlative duty, and such duty rested on each personally.   It was the incident result of the relation that, as between themselves, either might lawfully have the custody of the property, and such custody, as to third persons, was the custody of both.   Now it is noticable that the case does not show that Oakes did anything to prevent Spaulding from having full co-operation, either by advice, direction, or acts, in the mode of keeping the ram.   All that it shows, either by statement or inference, is that Spaulding did nothing about it after the sheep washing ; not so much as to inquire, or interest himself to know when or in what manner his fellow owner was keeping the ram. Being an owner of it and knowing its propensities and habit of doing violence to persons, and being charged with the duty of effectually restraining it, and without protestation or counter effort permitting it to be in the pasture of his co-owner, and voluntarily remaining ignorant both of the place and manner in which it was

kept, and under these circumstances it committed the alleged acts of violence and severe injury, he failed utterly to fulfil the duty resting upon him, and stands as nakedly chargeable with liability for the damage done, as if he alone had owned both the ram and the pasture in which the injury was done." I have quoted thus at length from the opinion of the learned judge to show the precise ground on which this plaintiff was made chargeable in that suit; that he was not made chargeable by relation, for the acts of another, but by reason of his positive, wrongful neglect of a known duty.

There was no express undertaking on the part of Oakes that he would restrain the ram, or indemnify the plaintiff in case he did injury, and there are no facts developed in this case from which the law will raise an obligation to do so. The ram was in the actual possession of Oakes, but he was there with the consent of the plaintiff, and he was then subject to the right of restraint by the plaintiff, if he had seen fit to exercise it, and under such circumstances as imposed upon the plaintiff the duty of exercising that right, as is clearly shown by BARRETT, J., in the opinion above referred to. The facts developed in that case were the same as in this. It may be said that the plaintiff had the right to presume that Oakes would discharge his duty and restrain the ram, but this would not be sufficient in a case like this to compel Oakes to indemnify the plaintiff, or discharge the plaintiff from seeing to it that he was in fact restrained, and especially is this so when the plaintiff knew he was not being properly restrained, but was sometimes actually at large.

The majority of the court are of the opinion that the injury to Mrs. Oakes resulted from the wrongful neglect of the plaintiff, in connection with a like wrongful neglect on the part of the defendant, and that in such neglect they were co-wrong doers, and come clearly within the rule that, as between parties standing in that relation to each other, there can be no contribution or indemnity. This view of the case renders it unnecessary to consider the other questions that have been discussed.

The *pro forma* judgment of the county court is affirmed.