LIZZIE BAILEY v. CITY OF CENTERVILLE, Appellant.

**Contributory Negligence:** DEFECTIVE WALK: *Jury question.* Plain-
iff, while returning from church in company with her husband,
and exercising great care, was injured in passing over a side-
walk, by tripping on a loose board, which flew up as her hus-
1 band stepped on it. The sidewalk, for a considerable distance
on either side of the place of accident was badly out of repair
and unsafe, of which general condition plaintiff knew, though
not of the particular defect; but there was no other safe way,
to reach her destination. *Held,* that the question of plaintiff's
contributory negligence was properly submitted to the jury.

HUSBAND AND WIFE: *Imputed negligence.* The negligence of plain-
2 tiff's husband would not affect her right to recover, for she was
not so in his care as to be bound by his acts.

SAME: *Common enterprise.* Because plaintiff and her husband
were returning from church together, they were not engaged in
3 a common enterprise, so that his negligence can affect her
rights to recover, but as to such transaction they were strang-
ers.

GOING ANOTHER WAY: *Instructions.* There being no other safe way
for plaintiff to go, an instruction was correct which stated that
if she knew of the defective condition of the walk, but believed
4 that it might be passed by the exercise of ordinary care, and
did not believe it was imprudent to go on the walk, she was
under no obligation to go another way, but she must use her
eyes and act prudently and carefully, considering all the cir-
cumstances surrounding her.

EVIDENCE—COMPETENCY: *Having fallen at the same place.* In an
action for injuries from a defective sidewalk, evidence of wit-
5 nesses that they had fallen at the same place where plaintiff
did was competent; the court stating to the jury that it was
only proper for the purpose of calling the witness' attention to
the walk.

| 115  | 271 |
|------|-----|
| f125 | 206 |
| 126  | 286 |
| 115  | 271 |
| 128  | 411 |
| 115  | 271 |
| 130  | 719 |
| 115  | 271 |
| f134 | 407 |
| 115  | 271 |
| f139 | 586 |

*Appeal from Appanoose District Court.*—HON. ROBERT
SLOAN, Judge.

SATURDAY, DECEMBER 21, 1901.

ACTION to recover damages for a personal injury. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Mabry & Payne* for appellant.

*C. F. Howell* for appellee.

SHERWIN, J.—The appellant contends that the evidence of the plaintiff and of her husband shows conclusively that she was guilty of contributory negligence in passing over the walk where she was injured. The evidence tends to show that the walk was in an unsafe condition for some distance in each direction from the particular point where the accident happened, and that the plaintiff had frequently passed over it, and knew that it was sadly out of repair. In addition to this, however, it is shown that there was no other safe way for her to reach her destination, and that she did not know of the particular defect that caused her injury, and that she was at the time exercising great care. The fact that a person travels over an unsafe sidewalk, with knowledge of its general condition, does not, alone, establish contributory negligence on her part. *Cosner v. City of Centerville,* 90 Iowa, 33. In that case it was shown not only that the plaintiff knew of the danger, but that he might have avoided it. The reverse is shown in the case at bar. The question was therefore properly submitted to the jury. *Nichols v. Town of Laurens,* 96 Iowa, 388.

The plaintiff and her husband were together on the walk at the time of the accident, returning home from church; and he stepped upon the end of a loose board, which flew up and tripped her. The defendant asked instructions to the effect that, if the husband was negligent, the plaintiff could not recover. In *Yahn v. City*

*of Ottumwa,* 60 Iowa, 429, a recovery by the wife, who was injured by the negligent driving of her husband, was denied. In *Nesbit v. Town of Garner,* 75 Iowa, 314, it is said that the holding in the *Yahn Case* is based upon the thought that the wife was under the care of the husband, and was distinguishable from the case then under consideration for that reason. All of the Iowa cases to which our attention has been called that involve the question of imputable negligence are cases where an injury resulted from careless driving of a private conveyance. The general rule as to such negligence, now almost universally adopted, is in line with the holding in the *Nesbit Case.* 1 Thompson, Negligence (2d Ed.) section 502. In Shearman & Redfield Negligence (5th Ed.) section 67, it is said: "Under the rule of the common law, which denied the wife any right to bring an action separately from the husband for damages suffered by her through the negligence of a stranger, it was doubtless proper to hold that the contributory negligence of the husband barred the wife's rights to recovery as effectually as did the husband's." But in the states where there has been a radical change in the relations of husband and wife, and where the wife may sue alone for her injuries, it is held, as a general rule, that the fault of the husband is not chargeable to the wife. Id. And Judge Thompson says in section 504 of his work, *supra:* "There is no ground, in reason or justice, growing out of the marital relation, for making a different rule   *   *   *   for the case where the wife has committed her safety to her husband ; and the weight of authority is that in such case the negligence of the husband is not imputed to the wife." It is not necessary to further discuss the authorities on this point. It is enough to say that the facts in this case do not bring it within the rule announced in *Yahn v. City of Ottumwa,* even if that case is to be considered an authority at this time, for it cannot be said that the plaintiff was so in the

care of her husband while they were passing along this sidewalk together that she should be bound by his acts. Nor can it be said that they were engaged in a common enterprise simply because they were returning from church together. They were strangers, so far as this transaction was concerned. *Barnes v. Town of Marcus,* 96 Iowa, 677.

Complaint is made of the last part of instruction 18 given by the court. It is, in substance, that if the plaintiff knew of the defective condition of the walk, but "believed that it might be passed by the exercise of ordinary care," and " did not believe it was imprudent to go upon said walk," she was under no obligations to go another way. This language was approved in the case of *Nichols v. Town of Laurens,* 96 Iowa, 388, on page 393, where it is said: "The instruction we have set out is in line with all cases where the question whether a party should have taken another way is considered." It was applicable to the case at bar, by reason of the evidence that there was no other safe way; and the court followed this language by expressly stating to the jury that even then she must "use her eyes, and act prudently and carefully, considering all the circumstances surrounding her." We think the instruction was correct. In *Muldowney v. Railway Co.,* 36 Iowa, 462, the court instructed that, if the plaintiff "had reason to believe that he would be sufficiently protected by the bumpers upon the cars," he was entitled to recover. This case was followed in *Pieart v. Railway Co.,* 82 Iowa, 148, where it does not appear that the instruction was followed, as in this case, by the language we have quoted.

Several witnesses called by the plaintiff were permitted to testify that they had fallen at the same place the plaintiff did. The court carefully guarded this evidence by stating to the jury when it went in, and in instructions, that it was only proper for the purpose of calling the witness' attention to the walk. The evidence

was competent. *Smith v. City of Des Moines,* 84 Iowa, 688; *Hunt v. City of Dubuque,* 96 Iowa, 314; *Wilberding v. City of Dubuque,* 111 Iowa, 484.

The judgment is AFFIRMED.