FRED BANCROFT'S ADMINISTRATRIX *v.* A. H. COTE.

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Imputed Negligence—Passengers for Hire—Exceptions—Sufficiency—Evidence.*

In order to reserve an available exception to the exclusion of evidence, it is sufficient if a proper question is asked and the purpose of the inquiry and the answer expected are plainly indicated and fully understood.

The proposition that one was a passenger for hire in an automobile fairly implies that he was not in control of the car, and was not engaged in a joint enterprise which included the driver.

The fact that success on one issue will be of no avail unless another issue is sustained, does not require that an offer of evidence pertinent to one contain an undertaking to prove the other.

In an action to recover damages for the death of one riding in an automobile, as the result of a collision, *held,* error to exclude evidence that the deceased was a passenger for hire, notwithstanding

the possibility of a claim that the deceased took some action inconsistent with his position as a mere passenger.

Negligence on the part of a driver of an automobile is not imputable to a passenger for hire riding therein.

The fact that counsel, in presenting a question to the court, expressed a belief that the holdings in this State are adverse to his claim, does not preclude him from taking advantage of an error committed by the court in ruling against him.

Where it did not appear that a motion made by one was so distinctive and unambiguous, and so capable of exact reproduction, that the opinion of the observer as to its meaning was not necessary to its full and complete presentation, the ruling of the trial court, admitting evidence of what the observer understood it to mean, will not be disturbed.

Where the defendant, in an action to recover damages for the death of one in an automobile collision, testified that the driver of the car in which deceased was riding, made a certain motion, which he illustrated, it was not error to permit him to state, in connection therewith, what he understood it to mean.

ACTION on the case to recover damages for the death of the plaintiff's intestate, which occurred as the result of an automobile collision. Plea, the general issue. Trial by jury at the June Term, 1915, Caledonia County, *Miles,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Porter, Witters & Harvey* for the plaintiff.

The court erred in excluding evidence that the deceased was a passenger for hire and in instructing the jury that any negligence on the part of the driver of the automobile was imputable to him. *Wentworth* v. *Waterbury,* 90 Vt. 60, 96 Atl. 334; *Little* v. *Hackett,* 116 U. S. 366, 29 L. ed. 652; *Schultz* v. *Old Colony St. Ry. Co.,* 8 L. R. A. (N. S.) 597, and note; *Cotton* v. *Willmar & Sioux Falls Ry. Co.,* 8 L. R. A. (N. S.) 643 and note.

The court erred in permitting the defendant to characterize the motion claimed to have been made by one of the occupants of the car in which the deceased was riding. *Lester* v. *Pittsford,* 7 Vt. 158; *Cavendish* v. *Troy,* 41 Vt. 99, 108; *Clifford* v.

*Richardson,* 18 Vt. 620; *Fraser* v. *Tupper,* 29 Vt. 409; *Oakes* v. *Weston,* 45 Vt. 430.

*Simonds, Searles & Graves* for the defendant.

Plaintiff's offer to show that the deceased was a passenger for hire did not include facts sufficient to make it material or relevant. 3 C. J. 825; *Carpenter* v. *Willey,* 65 Vt. 168, 26 Atl. 488; *Hathaway* v. *Goslant,* 77 Vt. 199, 59 Atl. 835; *Westcott* v. *Westcott,* 69 Vt. 234, 39 Atl. 199; *Cutler* v. *Skeels,* 69 Vt. 154, 37 Atl. 228; *Houston* v. *Brush,* 66 Vt. 331, 29 Atl. 380; *McQuiggan* v. *Ladd,* 79 Vt. 90, 64 Atl. 503, 14 L. R. A. (N. S.) 689; *Winchell* v. *National Express Co.,* 64 Vt. 15, 18; *Crahan* v. *Chittenden & Manning,* 82 Vt. 410, 415; *Hovey* v. *Cook,* 83 Vt. 458; *Gregg* v. *Willis,* 71 Vt. 313, 318.

It was not error to allow the defendant, after he had described the motion made by one of those in the car in which deceased was riding, to give his opinion as to its significance. *Williams* v. *Norton Bros.,* 81 Vt. 1; *Mathewson* v. *Mathewson,* 81 Vt. 173, 185; *Jones* v. *Blaisdell,* 72 Vt. 295, 307; *Bates* v. *Sharon,* 45 Vt. 474; *Cavendish* v. *Troy,* 41 Vt. 99; *Crane* v. *Northfield,* 33 Vt. 124, 126; *Clinton* v. *Howard,* 42 Conn. 294; *Carter* v. *Carter,* 152 Ill. 434, 28 N. E. 669; *Greenleaf on Evidence,* (16th ed.) 441b.

MUNSON, C. J. Plaintiff's intestate was killed through the overturning of an automobile owned and driven by one Barnett, on the rear seat of which he was riding. Plaintiff claims that the accident was caused by the negligent operation of a car owned and driven by the defendant, which attempted to pass the Barnett car.

The plaintiff offered to show that the deceased was a passenger for hire, and that the witness Barnett was paid for carrying him on the trip in question. The court excluded the evidence, and the plaintiff excepted. The defendant claims that this offer was so essentially defective that it was not error to exclude it. It is said that in order to reserve a sufficient exception to the exclusion of evidence a proper question must be asked, and that the offer made on objection must show what answer is expected and the purpose of the testimony, and present all the facts necessary to establish its admissibility; that the fact that

the deceased was a passenger for hire did not of itself prevent an imputation of negligence, and that the offer should also have proposed to show that the deceased did not exercise any control of the car, and was not engaged in a joint enterprise, and was not guilty of contributory negligence.

It appears from the transcript, which is referred to and made controlling, that near the opening of the direct examination of Barnett, plaintiff's counsel asked him what arrangement he had with these men as to the expense of the trip, and that on objection being made the court asked what the purpose was; upon which plaintiff's counsel made the claim that the doctrine of imputed negligence would not apply for the reason that the deceased was a passenger for hire, and defendant's counsel urged that under the Vermont decisions this made no difference. The question was then temporarily withdrawn in order that authorities might be submitted to the court. At the close of Barnett's cross-examination plaintiff's counsel again presented the matter, and made the offer stated above, and the court disposed of the question as follows: "While we are aware of the fact that the courts in other jurisdictions hold otherwise, we are inclined to think that our Court is committed to the doctrine claimed by the defendant, and we therefore exclude the offer."

It appears from this statement that a proper question was asked, and that the purpose of the inquiry and the answer expected were plainly indicated and fully understood. Nothing further was needed to show to the court the applicability of the testimony to the main issue on trial. The proposition that the deceased was a passenger for hire fairly implied that he was not in control of the car, and was not engaged in a joint enterprise which included the driver. The evidence would be admissible, notwithstanding the possibility of a claim that the deceased took some action inconsistent with his position as a mere passenger. The situation as regards the question of contributory negligence is not different. It is true, as urged by the defendant, that the burden of proof as to this was on the plaintiff. But the fact that success on one issue will be of no avail unless another issue is sustained, does not require that an offer of evidence pertinent to one contain an undertaking to prove the other.

The uncertainty regarding the position of our Court which existed at the time of this trial, because of the opinion in *Carlisle* v. *Sheldon,* 38 Vt. 440, has since been removed by the

decision in *Wentworth* v. *Waterbury,* 90 Vt. 60, 96 Atl. 334.
The exclusion of the offer to show that the deceased was a pas-
senger for hire, and the charge that any negligence of Barnett
was imputable to the deceased, were errors.

The plaintiff is not precluded from taking advantage of
these errors by the fact that her counsel, in presenting the
matter to the court, expressed a belief that the holdings in this
State were adverse to the claim he was making. We find noth-
ing in the transcript that sustains the defendant's contention
that counsel became partly responsible for the rulings com-
plained of. The substance of the discussion had between counsel
and court when the inquiry was first made is given above. The
only thing said by plaintiff's counsel at the time of the ruling
that could possibly be referred to as a request, was the sugges-
tion that the trial court would probably rule in accordance with
what seemed to be the holdings of the Supreme Court of the
State, but that they would like to save the question in view of
the probability that our Court would now adopt the rule which
prevails in the Supreme Court of the United States. The ques-
tion presented by this record is very different from that dis-
posed of in *Thorworth* v. *Blanchard,* 87 Vt. 38, 87 Atl. 52, Ann.
Cas. 1916 A, 1226.

The defendant was permitted to testify, in reply to ques-
tions excepted to as calling for a characterization of what was
seen, that he saw something that indicated that they wanted
him to go by—saw a man motion to him. He was then asked to
describe the motion, and did this by a physical illustration.
He was thereupon asked, under a like exception, what the
motion was with, and replied, ''He swung his hand * * towards
him, I thought as though I would come to him.'' The defend-
ant testified further that he acted on the motion by blowing his
horn, and that they then started to turn out and gave him half
the road, and he started to go by.

It is conceivable that a motion may be made so distinctive
and unambiguous, and so capable of an exact reproduction by
the observer, that his opinion as to what it meant will not be
essential to its full and intelligent presentation. Whether this
was a motion of that character cannot be determined from the
record before us, and the matter must necessarily stand upon
the ruling of the trial court. But there is another ground on
which the exception is for consideration. The witness was the

defendant, and the question in issue was whether he was negligent.· The situation in which the defendant acted, and the knowledge which he had, or in the exercise of due diligence ought to have had, regarding it, were matters material to the inquiry.   Embraced in these matters were the questions what the defendant might reasonably understand, and did in fact understand, regarding the purpose of those whose movements were to be made in connection with his own.   In this view the defendant was entitled to state, in connection with his illustration of the motion, what he understood it to mean.

*Judgment reversed and cause remanded.*