MARY R. McDONALD *vs.* LOUIS S. LEVENSON.

Suffolk.    March 9, 1921. — May 27, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Imputed, Contributory. *Husband and Wife.*

At the hearing by a judge without a jury of an action by a woman for personal injuries resulting from a collision of a motor car, owned and driven by her husband and in which she was riding, with a motor car driven by the defendant, the judge, upon evidence warranting the finding, found " that the automobile collision . . . was caused by the concurrent negligence of the defendant and the husband of the plaintiff," and " that at the time of the collision and prior thereto the plaintiff was in the exercise of due care; that she did not entrust herself in the care, management and operation of the automobile to her husband at the time of the accident and immediately prior thereto; and was in no way responsible for the husband's lack of due care; " and found for the plaintiff. On exceptions by the defendant, it was *held* that no ground in law for a new trial appeared.

TORT for personal injuries received by the plaintiff when a motor car in which she was riding with her husband and which was being driven by him was run into by a motor car driven by the defendant. Writ dated November 14, 1916.

In the Superior Court, the action was heard by *Hall,* J., without a jury. Material evidence and findings of the judge are described in the opinion. The judge found for the plaintiff in the sum of $600; and the defendant alleged exceptions.

*S. R. Cutler,* for the defendant.

*J. E. Crowley,* (*M. B. Lynch* with him,) for the plaintiff.

BRALEY, J. This is an action for personal injuries suffered by the plaintiff from a collision with the defendant's car, while she was riding with her husband in their automobile driven by himself. The plaintiff prevailed in the trial court, and the case is here on the defendant's exceptions. The judge before whom the case was tried without a jury found, " that the automobile collision . . . was caused by the concurrent negligence of the defendant and the husband of the plaintiff," and " that at the time of the collision and prior thereto the plaintiff was in the exercise of due care; that she did not entrust herself in the care, management and operation of the automobile to her husband at the time of the accident and immediately prior thereto; and was in no wise responsible for the husband's lack of due care." The evidence was conflicting, but the credibility of the witnesses was for the judge, and on the record we cannot say as matter of law that the findings were unwarranted. It follows that his further ruling that under the findings the defendant's first, second, third, fourth, fifth, seventh and eighth requests had become immaterial, and his refusal of the sixth request, that on all the evidence the plaintiff cannot recover, affords no ground for granting a new trial. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Hallett* v. *Crowell,* 232 Mass. 344. The defendant's principal reason for reversal is, that *Fogg* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 444, is decisive against recovery. But the cases are plainly distinguishable. In *Fogg* v. *New York, New Haven & Hartford Railroad,* the intestate wife either entrusted herself to the care of her husband who was driving the automobile, or did nothing for her own safety, while the uncontradicted evidence showed, that the accident costing their lives was due to his carelessness. But in the case at bar, as previously said, the judge could find, that at the moment of collision the plaintiff was looking out for her own safety, and when faced with the emergency took every precaution

which the circumstances permitted. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. *Hanley* v. *Boston Elevated Railway*, 201 Mass. 55, 58.

*Exceptions overruled.*