ANTOINETTE POULIN *v.* FRED GRAHAM.

October Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed November 13, 1929.

*J. A. McNamara* for the plaintiff.

*Allen R. Sturtevant* and *Wayne C. Bosworth* for the plaintiff.

Powers, J. The plaintiff was injured while riding with her husband in a truck which he was driving for the defendant who employed him. The negligence of the husband, the fact that he was acting within his employment at the time, that the plaintiff was riding by permission of the defendant, and was free from contributory negligence, were established by a verdict in her favor. By a motion for a verdict seasonably filed, the defendant questioned the right of the plaintiff to recover in an action predicated upon the personal negligence of her husband, though he was then acting as the defendant's servant. This motion was overruled and the defendant excepted.

The plaintiff argues that there is nothing in the record to show that the Poulins were husband and wife at the

time of the accident. We take no time with this claim as the transcript plainly shows that throughout the trial everybody connected with it understood that that relation existed at the time mentioned; and while we are to construe this record against the defendant, *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 298, 143 Atl. 394, we must construe it reasonably, *Hanley* v. *Poultney,* 100 Vt. 172, 174, 135 Atl. 713, 54 A. L. R. 371. It would be doing violence to its plain meaning to sustain this claim of the plaintiff.

In support of the exception to the ruling on his motion for a verdict, the defendant insists that a wife cannot sue her husband in a tort action for negligence, and that it logically follows that she cannot sue his employer for her husband's negligence, since the employer would have an action over against the husband, and thus the allowance of an action like this one would be, in effect, an indirect action by her against her husband.

This claim of the defendant finds support in *Maine* v. *Maine & Sons Co.,* 198 Iowa, 1278, 201 N. W. 20, 37 A. L. R. 161; *Riser* v. *Riser,* 240 Mich. 402, 215 N. W. 290; and *Emerson* v. *Western Seed & Irrigation Co.,* 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327. However, we are unwilling to adopt the rule contended for.

■ ■ For the purposes of this review, we will assume that a wife cannot sue her husband for negligence, as the cases cited, and others, hold. But we cannot admit that her right to sue her husband's master is, for that reason, foreclosed. It is true, as argued, that a master may recover from an offending servant such damages as he is compelled to pay on account of the latter's negligence. But the doctrine of *respondeat superior* is not affected by the plaintiff's inability to sue the servant; nor does it all depend upon the right of the master to sue him. *Star Brewery Co.* v. *Hauck,* 222 Ill. 348, 78 N. E. 827, 113 A. S. R. 420, 424. Evidence bearing upon either of these questions would be irrelevant to the issue raised in a case like this. The right to proceed against the master is in no sense subordinate or secondary to a right against the servant. It is primary and independent. This is all covered, and the wife's right to sue the master established, by *Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 253, 164 N. E. 42, the reasoning and result of which accord with the present day status of married women in this jurisdiction and are satisfactory to us.

Consonant with these views are the cases involving the contributory negligence of the husband, wherein it is generally held that from the mere relation of the parties such negligence of the husband is not to be imputed to the wife and does not bar her recovery. Thus in *McDonald* v. *Levenson*, 238 Mass. 479, 131 N. E. 160, a wife was riding with her husband in an automobile which was in collision with the defendant's car through the concurring negligence of the defendant and the husband. It was held that she might recover. In *Louisville, etc., Ry. Co.* v. *Creek*, 130 Ind. 139, 29 N. E. 481, 14 L. R. A. 733, a wife riding with her husband was injured by the negligence of a railroad company. Her husband was guilty of contributory negligence. It was held that this did not preclude a recovery in her behalf. To the same effect are *Bailey* v. *Centerville*, 115 Iowa, 271, 88 N. W. 379; *Louisville Ry. Co.* v. *McCarthy*, 129 Ky. 814, 112 S. W. 925, 19 L. R. A. (N. S.) 230, 130 A. S. R. 494. See, also, *Nash* v. *Lang* (Mass.), 167 N. E. 762, and Ann. Cas. 1912A, 648.

Reference ought, perhaps, to be made to *Carlisle et ux.* v. *Sheldon*, 38 Vt. 440. That was an action against a town for injuries sustained by a married woman by the insufficiency of a highway. The court charged the jury that if the husband of the injured wife, was, at the time of the acccident, guilty of negligence contributing to such injuries, there could be no recovery, though the insufficiency of the highway was established. This instruction was sustained. The decision was based upon two grounds: (1) That the husband stood as the servant of the wife in his management of the horse he was driving; and (2) that the wife was under the care of the husband, who had the custody of her person and was responsible for her safety. The reasoning is unsound. The fallacy involved in the first ground was pointed out in *Wentworth* v. *Waterbury*, 90 Vt. 60 at page 62, 90 Atl. 334—a case which was followed in *Bancroft's Admx.* v. *Cote*, 90 Vt. 358, at pages 361, 362, 98 Atl. 915. The second ground is predicated on *Holly* v. *Boston Gas Light Co.*, 8 Gray (Mass.) 123, 69 A. D. 233, which was the case of a parent and child, the doctrine of which is wholly contrary to *Howe* v. *Central Vt. Ry. Co.*, 91 Vt. 485, 493, 101 Atl. 45.

*Judgment affirmed.*