## Jackson et ux. v. Jackson

*Frank J. Lyons*, for plaintiffs; *Alexander & Clark*, for defendant.

AIRD, P. J., October 3, 1932.—On June 20, 1932, plaintiffs filed an amended statement of claim, wherein the plaintiffs alleged:

1. Charles E. Jackson and Nora Jackson (plaintiffs) are husband and wife, residing in the Township of Brokenstraw, Warren County, Pa.

2. Lucy M. Jackson resides at the same place.

3. The defendant, Lucy M. Jackson, at the time of this occurrence owned an automobile.

4. On or about October 20, 1929, the defendant employed one of the plaintiffs, Charles E. Jackson, to drive defendant's automobile from the village of Irvine, Warren County, Pa., to Jamestown, N. Y., a distance of about 26 miles, for the purpose of making a sale of some property owned by the defendant in said City of Jamestown, N. Y.

5. The defendant invited Nora Jackson, one of the plaintiffs, to accompany herself and Charles E. Jackson on a trip to Jamestown.

6. The said trip to Jamestown, N. Y., was for the purpose of transacting business for the defendant.

7. On said date, to wit, October 20, 1929, Charles E. Jackson was driving the automobile on the return trip from Jamestown, N. Y., to Irvine, Pa., and also Nora Jackson, one of the plaintiffs, and Lucy M. Jackson, the defendant, were riding in said automobile.

8. The plaintiff alleges that the said Charles E. Jackson operated and drove defendant's automobile in such a negligent manner that the said defendant's automobile collided with and came in contact with an automobile proceeding in a northerly direction, wherein and whereby defendant's automobile turned abruptly to the left and crossed the public highway and collided with great force with a telephone pole, thereby resulting in great injury and damage to the said Nora Jackson, one of these plaintiffs, whereby the said Nora Jackson was severely injured, etc.

9. The plaintiff further alleges that all of the injuries and damages were the result of the negligence of the said Charles E. Jackson, the agent of the said Lucy M. Jackson, this defendant.

10. The plaintiff, Charles E. Jackson, claims for the money he has expended and is liable to expend for the treatment and care of his wife, the said Nora Jackson, the sum of $500, and the said Nora Jackson, plaintiff, claims for the injuries received, disfigurement, etc., the sum of $1,000.

On July 15, 1932, the defendant filed a demurrer raising questions of law. Of course, when a demurrer is filed raising questions of law, it virtually admits that the allegations in plaintiff's statement are facts. Now the questions raised are:

1. That Charles E. Jackson cannot recover from the defendant as a result of his own negligence.

2. That the said Nora Jackson cannot recover from the defendant, Lucy M. Jackson, for the reason that she was at the time of the accident the wife of Charles E. Jackson, and consequently the accident occurred and the injuries received by Nora Jackson were caused by the carelessness or negligence of her husband, Charles E. Jackson.

The defendant in filing this demurrer takes the position that under the law of the State of Pennsylvania a married woman cannot maintain an action in trespass against her husband. The husband's negligence is not disputed. Of course the employer, Lucy M. Jackson, would have been liable if the servant, the driver of the automobile in question, had been a stranger to the plaintiff. The real question now raised is whether or not the rule of liability is different where

the servant is the husband. It has frequently been held that a husband may not maintain an action against his wife nor a wife against her husband for personal injuries, whether caused by negligence or not.

We appreciate the fact that there are cases cited, similar to the instant case, wherein it was held that a wife could maintain an action in trespass, and, further, we appreciate that it is the law that a wife cannot sue her husband for negligence, but in our opinion it is a different question in the case at bar. We have decisions cited where a wife has a right to sue her husband's master, i. e., in case the wife is injured by the negligence of her husband. It has been held by our courts that a married woman riding as a guest with permission of her husband's employer in an automobile driven by her husband is entitled to maintain an action against her husband's employer for injuries sustained due to the husband's negligence in operating an automobile, even though the wife could not sue her husband for negligence. I think we are safe in saying that this question has not been passed upon by the Superior or Supreme Court of Pennsylvania, but we go further.

In Poulin v. Graham, 102 Vt. 307, 147 Atl. 698, Mr. Justice Powers, in writing the opinion of the court, said:

"The plaintiff was injured while riding with her husband in a truck which he was driving for the defendant who employed him. The negligence of the husband, the fact that he was acting within his employment at the time, that the plaintiff was riding by permission of the defendant, and was free from contributory negligence, were established by a verdict in her favor."

This case is virtually on all fours with the case at bar, and the Supreme Court of Vermont sustained the verdict and judgment of the lower court.

Schubert v. August Schubert Wagon Co., 249 N. Y. 253, 164 N. E. 42, is also on all fours with the instant case. Mr. Justice Cardozo, in writing the opinion of the Court of Appeals of the State of New York, said (p. 256):

"A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity. The trespass may be a crime for which even a husband may be punished, but whether criminal or not, unlawful it remains. . . . The employer must answer for the damage whether there is trespass by direct command or trespass incidental to the business committed to the servant's keeping. In each case the maxim governs that he who acts through another, acts by himself."

This opinion was written by Mr. Justice Cardozo, who was recently appointed by President Hoover as one of the justices of the United States Supreme Court, and Judges Pound, Crane, Andrews, Lehman, Kellogg and O'Brien concurred in it.

In deciding the instant case we rely upon the two decisions above cited and the numerous decisions cited in those two cases, and we feel it is unnecessary to cite decisions cited in the brief filed by counsel for defendant, yet we have not overlooked the decisions cited by counsel for the defendant, to wit: Maine v. James Maine & Sons Co., 198 Iowa 1278, 201 N. W. 20.

The claim of Maine v. James Maine & Sons Company, above cited by defendant, is cited in Paulin v. Graham, supra. The same case is also cited in Schubert v. August Schubert Wagon Co., supra. The case of Maine v. James Maine & Sons Company is dated December 11, 1924, while the two cases upon which we rely for this decision were decided as late as 1928 and 1929. Maine v. James Maine & Sons Company is decided by the Iowa Supreme Court. The opinion was written by Mr. Justice Vermilion and concurred in by Chief Justice Arthur, and Justices Evans and Preston. Justice Vermilion in writing this lengthy

opinion cited, in order to substantiate the position he has taken, probably more than 50 decisions. In this opinion written by Mr. Justice Vermilion we find the following holding:

1. A master is not liable for personal injuries negligently inflicted by his servant upon the servant's wife, where the wife has no right of action against her husband for such injuries.

2. A master is not liable for injury caused by the negligent act of his servant, in the absence of liability on the part of the servant.

3. A statute imposing liability on the owner of an automobile for injuries caused by another's driving of the car with his consent does not apply to injuries inflicted by a servant of the master upon his own wife.

But in the instant case on account of later decisions we cannot adopt this decision as the law.

And now, October 3, 1932, this cause came on to be heard upon defendant's demurrer, the demurrer is sustained insofar as Charles E. Jackson is concerned, as in our opinion he cannot recover as the accident was caused by his own negligence, but the demurrer as to Nora Jackson is overruled and under section 20 of the Practice Act of 1915 the defendant is entitled to 15 days after notice of this decision in which to file a supplemental or amended affidavit of defense.

From Joseph H. Goldstein, Warren, Pa.