**Barbara D. VIENS, Administratrix of the Estate of Emile G. Viens**

v.

**ANTHONY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**IROQUOIS MANUFACTURING CO., Inc., New England Telephone and Telegraph Company, Raymond J. Quesnel, Richard A. Monroe and Carleton J. Hanley, Third-Party Defendants.**

Civ. A. No. 4832.

United States District Court
D. Vermont.

March 18, 1968.

---

Stephen B. Martin, Davis, Martin & Free, Barre, Vt., for plaintiff.

Albert W. Coffrin, Coffrin & Pierson, Burlington, Vt., for defendant Anthony Co.

William H. Quinn, Black, Wilson & Hoff, Burlington, Vt., for third-party defendant Iroquois Mfg. Co., Inc.

John D. Carbine, Ryan, Smith & Carbine, Rutland, Vt., for third-party defendants New England Telephone and Telegraph Co., Raymond J. Quesnel, Richard A. Monroe and Carleton J. Hanley.

## OPINION

LEDDY, District Judge.

Barbara D. Viens, administratrix of the Estate of Emile C. Viens has brought survival and wrongful death actions against Anthony Company, manufacturer of hydraulic lift gates, under 14 V.S.A. §§ 1453, 1491 and 1492. She seeks recovery for the pain and suffering of the decedent and the pecuniary loss suffered by his next of kin. Count 1 of her complaint alleges that the decedent's injury and death were the result of the defendant manufacturer's "negligence in the design and method of manufacture" of the hydraulic lift gate in question. Count 2 in the alternative bases the liability of the defendant upon a breach of implied warranty that the lift gate was reasonably fit for the purposes for which it was intended to be used.

Pursuant to Rule 14 of the Federal Rules of Civil Procedure,[1] the District Court granted defendant Anthony's motion to file third-party complaints against Iroquois Manufacturing Company, New England Telephone and Telegraph Company, Raymond J. Quesnel, Richard A. Monroe and Carleton Hanley. Each of these complaints alleges that if the defendant, Anthony Company, is found to be liable to the plaintiff that it is entitled to indemnification from each of the third-party defendants on the grounds that any negligence on the part of Anthony Company was merely "passive or secondary" in nature and, since the negligence on the part of each of the third-party defendants was "active or primary" in nature, that these circumstances raise an obligation on the part of the third-party defendants to indemnify Anthony Company for any loss which it might incur. Each of these third-party defendants has moved that the Court dismiss the third-party complaints on the ground that they fail to state a claim upon which relief may be granted.

Rule 14 of the Federal Rules of Civil Procedure provides that a defendant may join as a third-party defendant one "who is or may be liable to him for all or part of the plaintiff's claim against him." As a Federal Court sitting in Vermont, we must apply the substantive law of this State in determining the rights and liabilities between these parties. 3 Moore's Federal Practice § 14.03 (3) (1967) Therefore, I will first consider upon what grounds the law of Vermont requires one wrongdoer to answer in whole or in part for the liability of another wrongdoer.

In the case of Spaulding v. Oakes, 42 Vt. 343, 347 (1869), the Vermont Supreme Court stated,

"[t]he general proposition, that there can be no contribution nor indemnity between wrongdoers, is perfectly well settled by a long and uniform course of decisions * * *."

The Court further stated in Atkins v. Johnson, 43 Vt. 78, 80 (1870), that

"[t]he general principle, that there can be no contribution nor indemnity as between joint wrongdoers, is too well settled as to require either argument or authority."

Although the Vermont Supreme Court has never made an exception to the rule that there may be no contribution as between wrongdoers, the Court, however, in the case of Spaulding v. Oakes, supra, established two exceptions to the rule that there may not be indemnity as between wrongdoers.[2] The first exception is where there exists "an express understanding to indemnify against the consequences of such act or omission to act."[3]

---

1. 28 U.S.C.A.

2. From the outset it is important to distinguish between contribution and indemnity. "The right of contribution, where it exists, presupposes a common liability which is shared by the joint tortfeasors on a pro-rata basis. The right of indemnity, on the other hand, because of some special relationship existing between two tortfeasors shifts the entire loss upon the real wrongdoer." Great American Insurance Co. v. Evans, 269 F. Supp. 151, 154 (1967).

3. 42 Vt. at 347.

The second is when the

"circumstances attending the transaction, as between the parties, [are] such that the law will therefore imply the undertaking or raise an obligation on the part of the one to indemnify the other." [4]

Since there is no allegation in the pleadings that any of the third-party defendants had expressly undertaken to indemnify Anthony Company, the first exception need not here be considered. The real question in issue is whether the defendant's third-party complaint has stated a claim within the second exception. This exception,[5] an implied undertaking to indemnify, is summarized in the frequently quoted language of Chief Justice Stern of the Pennsylvania Supreme Court in Builder's Supply Co. v. McCabe, 366 Pa. 322, 325–328, 77 A.2d 368, 370, 24 A.L.R.2d 319 (1951),

"The right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on the difference in degrees of negligence *or on any doctrine of comparative negligence* * * *. It depends on a difference in the character or kind of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the person * * * without

multiplying instances, it is clear that the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been universally recognized. But the important point to be noted in all of the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relationship between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible."

In the case of the Town of Roxbury v. Central Vermont Railway, 60 Vt. 121, 14 A. 92 (1887), a railroad had the duty after construction of a crossing to restore a highway to its previous condition. It did not perform this duty and as a result a traveler was injured. The town, however, was required by statute to maintain the way, a non-delegable duty which it did not perform. The Vermont Supreme Court stated that as between these wrongdoers, the railroad had the *primary* duty to maintain the way. Thus, the Court required the railroad to indemnify the town for the traveler's judgment against it.

This case is an example of where the Vermont Supreme Court used the distinction between primary and secondary liability to raise an obligation on the part of the party actively at fault to indemnify the other.[6] Although the Railroad charter made the duty to restore the way contractual (see Otis Elevator Co. v. Maryland Casualty Co., 95 Colo. 99, 33 P.2d 974 (1933); Great American Insurance Co. v. Evans, 269 F.Supp. 151 (N.D.Calif.

---

4. id.

5. In the following case, the Pennsylvania Supreme Court discussed this exception in terms of primary and secondary liability. Other jurisdictions have spoken in terms of active and passive negligence. Each, however, is referring to the same doctrine since a person actively at fault is primarily liable while a person passively at fault is secondarily liable.

6. See also Abajian v. Aetna Casualty and Surety Co., 232 F.Supp. 710 (Vt.1964) where Chief Judge Gibson found this doctrine applicable under Vermont law to an imputed liability situation, citing Jones v. Valisi, 111 Vt. 481, 18 A.2d 179 (1941); Poulin v. Graham, 102 Vt. 307, 147 A. 698 (1929).

1967))), the Court stated at 60 Vt. 139, at 14 A. 102, that,

> "[t]he liability is like that in the ordinary case where a person puts an obstruction in the highway creating a defect and causing special damage to a traveler. Such person must reimburse the town for a judgment recovered against it for injury resulting from such defect."

Vermont has since repealed the statute requiring a town to maintain the way, but this in no way affects the established rule of law that person who, without active fault on his part, has been compelled by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable, may recover indemnity from the person primarily responsible. Great American Insurance Co. v. Evans, supra, 269 F.Supp. at 157.

Although the law of Vermont recognizes that a person who incurs secondary liability may seek indemnity from a party primarily liable, it is my opinion that the complaint of Anthony Company does not allege circumstances from which the law can imply an obligation on the part of the third-party defendants to indemnify it for any loss which it incurs in the main action. Paragraph 20 of Anthony Company's third-party complaint alleges,

> "20. If it should be determined that Defendant is liable in negligence to Plaintiff *as she has alleged in her Complaint*, then and in that event Iroquois, New England Telephone, Quesnel, Monroe and Hanley, and each of them, individually, are obligated to Defendant for the amount recovered by Plaintiff against it in that the injuries sustained by Plaintiff's intestate were caused by the primary and active negligence of Iroquois, New England Telephone, Quesnel, Monroe and Hanley, and each of them and in that, if Defendant were negligent (a fact which it specifically denies), such negligence was secondary and passive only; Defendant is thereby entitled to obtain indemnification from Iroquois, New England Telephone, Quesnel, Monroe and Hanley." (Emphasis added.)

An implied indemnity arises only where a party incurs liability without active fault on its part. Great American Insurance Company v. Evans, supra. The plaintiff's complaint against Anthony alleges negligence in design and manufacture and breach of an implied warranty. If these allegations are proven in the main action and result in liability on Anthony's part, Anthony is culpable of active fault as a matter of law. Guarnieri v. Kewanee-Ross Corporation, 2 Cir., 270 F.2d 575, at 578 (quoting Putvin v. Buffalo Electric Co., 5 N.Y.2d 447, at page 455, 186 N.Y.S.2d 15, at page 21, 158 N.E.2d 691, at page 695).

> "So it is that a claim over against a third person charging the third person with active negligence will be allowed if the original complaint can reasonably be interpreted as including an allegation of passive negligence on the part of the defendant. * * * Conversely, where the defendant is alleged to be guilty only of active as distinguished from passive negligence, impleader is improper as a matter of law, since an actively negligent tortfeasor is not entitled to indemnity."

The allegations that Anthony was not at fault and that its fault if any did not cause the injuries are matters of defense. If Anthony's conduct, concurring with acts or omissions of the third-party defendants, caused the injuries, plaintiff has the right to elect to pursue them jointly or severally. Town of Sharon v. Anahama Realty Corp., 97 Vt. 336, 123 A. 192 (1924). These third parties may be liable to plaintiff, but the test under Rule 14 is whether they may be liable to Anthony. Since the plaintiff's original complaint cannot be reasonably interpreted as including an allegation of "passive or secondary" negligence on Anthony's part, Anthony's third-party complaint must fail.

Wherefore, it is ordered:

That the motions of the third-party defendants, Iroquois Manufacturing Co.,

Inc., New England Telephone and Telegraph Company, Raymond J. Quesnel, Richard A. Monroe and Carleton J. Hanley, to dismiss the third-party complaint be and the same hereby are granted.