441 F.2d 1090
 Kate Julia FARR, Administratrix of the Estate of Lloyd Wyla
Farr, Plaintiff,
v.
J. SCANLON COMPANY, Defendant and Third Party
Plaintiff-Appellant, v. PIZZAGALLI CONSTRUCTION
COMPANY, Inc., Third Party Defendant-Appellee.
 No. 510, Docket 35494.
 United States Court of Appeals, Second Circuit.
 Argued March 24, 1971.
Decided April 30, 1971.
 
 Bernard R. Dick, Dick, Hackel & Hull, Rutland, Vt., for appellant.
 Michael R. Treanor, New York City, for appellee; McNamara, Fitzpatrick & Sylvester, Burlington, Vt., of counsel.
 Before WATERMAN, KAUFMAN and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1967 Pizzagalli Construction Company contracted with the applicable Vermont school district to perform general construction work for the building of a new high school in Bristol, Vermont. In January, 1968, Scanlon, Pizzagalli's subcontractor responsible for the erection of structural steel and bar joists as well as roof and floor decks, requested Pizzagalli to set up barricades around pre-cut duct openings which Scanlon had installed on the second floor. This request was made pursuant to Pizzagalli's contractual promise to the school district and inferentially to Scanlon to assume all responsibility for on-site safety precautions. Pizzagalli did not erect barricades and in March, Farr, a Pizzagalli employee, fell through one of these openings and suffered fatal injuries. His administratrix brought a wrongful death action in the United States District Court for the District of Vermont against Scanlon (based on diversity), alleging that Scanlon's negligent failure to cover the hole was the cause of her intestate's fatal accident. Scanlon impleaded Pizzagalli, asserting a breach of an alleged contractual duty to provide 'reasonable safeguards for safety and protection' and concluding that Pizzagalli had either expressly or impliedly agreed to indemnify Scanlon for any damages resulting from Scanlon's negligence. Pizzagalli answered by way of affirmative defense, which the court treated as a motion to dismiss, that Farr was covered by Workmen's Compensation Insurance and, therefore, the Pizzagalli obligation, if any, was taken care of in full by the insurance recoveries under Pizzagalli's Workmen's Compensation policy which complied with the applicable Vermont Statute, 21 V.S.A. 601 et seq.
 
 
 2
 Assuming, but not deciding, that the existence of insurance would not bar the impleading of Pizzagalli, the district court (Leddy, J.) noted the general Vermont policy, first stated in Spalding v. Administrator of Oakes, 42 Vt. 343 (1869), that there can be no indemnity between wrongdoers, and held that the instant action failed to fall within any of the exceptions recognized by Vermont to this general rule. The third-party complaint was dismissed.
 
 
 3
 In Spalding it was stated that indemnification between joint tortfeasors will be allowed where one party is induced by the other into believing that there will be indemnification. This inducement exists only where the proof establishes that (1) there is an 'express undertaking to indemnify' or (2) the circumstances 'attending the transaction, as between the parties, (are) such that the law will therefore imply an undertaking, or raise an obligation on the part of the one to indemnify the other.' 42 Vt. at 347.
 
 
 4
 Scanlon, in its third-party complaint, alleges that there was an undertaking by Pizzagalli to indemnify the subcontractor by reason of Pizzagalli's assumption of control over safety precautions. However the subcontract contained a one-way indemnification clause in which Scanlon promised to hold Pizzagalli harmless from any actionable negligence on Scanlon's part. The absence of a parallel indemnification clause going from Pizzagalli to Scanlon conclusively demonstrates that the parties expressed no interest in providing for any idemnification between them except idemnification from Scanlon to Pizzagalli.
 
 
 5
 The second exception to the general rule against indemnification was explained in Spalding in terms of active and passive fault. See also Viens v. Anthony Co., 282 F.Supp. 983 (D.Vt.1968). Here we see no difference in character between Scanlon's and Pizzagalli's alleged negligences. Cf. Sylvestri v. Warner & Swasey Co., 398 F.2d 598, 607 (2 Cir.1968). While Pizzagalli had assumed general responsibility for safety measures in its contract with the school district, Scanlon had promised Pizzagalli in the subcontract to take all reasonable and necessary precautions in performing its subcontract work.
 
 
 6
 Although Spalding is not of the most recent of the decisions of the Vermont Supreme Court, and although other states may have evolved different standards governing indemnification, we have no indication that Spalding has ceased to be the Vermont law; therefore, Spalding is controlling.
 
 
 7
 Affirmed.